[Kilgore v. Stanley.]

# Kilgore *v.* Stanley.

*Action by Transferree, on Account for Medical Services.*

1. *When transferree may recover on account for medical services.*—The transferree of an account for medical services rendered can not maintain an action and recover judgment on it, unless his transferror could; but he may recover without production of the license, on sufficient secondary evidence on it.

2. *Same; secondary evidence of medical license.*—In an action by the transferree of an account for medical services rendered, being notified to produce the physician's license, or diploma, he may adduce secondary evidence of it, on proof that the physician has removed from the State, presumptively taking his license with him, and that the records of the Probate Court, in which it ought to have been recorded, have been destroyed by fire; and, in this connection, that he applied to the county medical board for a license, that it was granted to him, that he was instructed to have it recorded, and started towards the office of the probate judge with the declared intention of having it recorded, and afterwards practiced medicine in the county for fifteen years, up to the time of his removal from the State.

3. *Declarations as part of res gestæ.*—What a person says when setting out on a journey, or starting to go to a particular place, explanatory of the object or purpose he has in view, is admissible as evidence on the principle of *res gestæ*, its weight being a matter for the jury to determine.

APPEAL from the Circuit Court of Walker.

Tried before the Hon. JAMES B. HEAD.

This action was brought by J. M. Stanley, against John Kilgore, and was commenced in a justice's court, on the 29th October, 1889. The cause of action was an account for medical services rendered to defendant, during the month of April, 1888, by Dr. T. D. Monroe, amounting to $18.25; and the plaintiff sued as transferree of the account. The justice rendered judgment for the plaintiff, and the defendant took an appeal to a jury; and the jury having returned a verdict against him, he took an appeal to the Circuit Court. Two days before the trial in the justice's court, the plaintiff was notified to produce Dr. Monroe's license or diploma as a physician, but it was never produced; and the main question in the case seems to have been the sufficiency of the secondary evidence adduced by the plaintiff, though the only matter assigned as error is the refusal of the court to give the general charge requested by the defendant.

GUNTER & SOWELL, for appellant.

[Kilgore v. Stanley.]

W. B. APPLING, *contra.*

STONE, C. J.—The single question in this case is, whether the general charge should have been given against plaintiff's right to a verdict. The defendant asked that charge, and its refusal is the only question reserved.

The suit was by Stanley, as transferree of an account for medical services rendered by Dr. Monroe. The record presents no question on the sufficiency or legality of the testimony, by which it is sought to prove that the services were rendered, or their value. The defense made was, that plaintiff failed to show Dr. Monroe's right to maintain a suit for the recovery of the claim. Being transferree, and suing as such, of course, if Monroe could not recover, his transferree can not.

The suit was commenced before a justice of the peace, but, before its institution, Dr. Monroe had ceased to be a resident of Alabama. Two days before the justice's trial, plaintiff was notified to produce the doctor's license to practice medicine. It has not been produced on any of the trials. It was proved, however, by Dr. Rosamond, that between the years 1872 and 1874, Dr. Monroe was examined by the medical board of Walker county, of which witness was president, and that a license was issued to him, signed by witness as president, and countersigned by the secretary of the board, authorizing him to practice medicine; that this was done in Jasper, just opposite the probate judge's office; that witness then told Dr. Monroe that "it (the license) had to be signed by the probate judge, and registered in his office;" that Monroe then "said he would go and have it done, and started towards the probate judge's office, but witness did not know whether Monroe saw the probate judge, or had the license registered on his books." He proved further, that from the time said license was signed, until about 1888 (fourteen to sixteen years), Dr. Monroe practiced medicine in Walker county. He then moved to Arkansas, where he has since resided. In 1884, the court-house in Walker county was burned, together with all the records of the Probate Court.

At the time Dr. Monroe received his license, as testified by Dr. Rosamond, he conformed to all the laws required, provided he obtained the signature of the judge of probate, and had his license registered.—Code of 1867, §§ 1227–8. Dr. Monroe being a non-resident of the State, the law furnished the plaintiff no coercive means of procuring his testimony; and the presumption being that he had his license with him, the court had no power to compel its production. The destruction of the probate records when the court-house was burned, rendered it

[Schlapback v. Long.]

impossible to obtain "the certificate of the judge of probate that the name of such person [Dr. Monroe] is registered on his book as a licensed physician." These proven facts authorized the introduction of secondary evidence.—3 Brick. Dig., 440, § 516.

What a person says on setting out on a journey, or to go to a particular place, explanatory of the object he has in view in so setting out, is *res gestæ* evidence, and may be proven; and the jury may give it such weight as they think it entitled to.—*Pitts v. Burroughs*, 6 Ala. 733; *Olds v. Powell*, 7 Ala. 652; *Autauga County v. Davis*, 32 Ala. 703; 1 Greenl. Ev. § 108.

It can not be said that there was no testimony from which the jury could infer that Dr. Monroe had a license to practice medicine; and the Circuit Court did not err in refusing to give the general charge in favor of the defendant.

Affirmed.