# Maddox, et al. v. Dunklin.

## Trover.

(Decided May 13, 1909.    Rehearing denied June 30, 1909.—50 South.
277.)

1. *Appeal and Error; Presumption; Evidence.*—Where the bill of
exceptions does not show that it contains all the evidence, this
court will, on appeal, presume that there was evidence justifying a
charge of the court.

2. *Same; Objections in Lower Court; Evidence.*—Where evidence
was admitted on statement of counsel, that its materiality would be
thereafter shown, but this was not done, and no motion was made
in the lower court to exclude such evidence, the same will not be
reviewed   on appeal.

3. *Same; Harmless Error; Evidence.*—Where no judgment was
sought or obtained on account of any property included in other
mortgages, the admission in evidence of such other mortgages was
not prejudicial to defendant.

4. *Same; Scope of Review; Decision.*—This court, on appeal, dis-
cusses only those questions that are necessary to a decision of the
case, and makes no attempt to further lay down rules for the bench
and bar of the state.

. 5. *Mortgages;   Chattel   Mortgages;   Conversion;   Damages.*—
Where the action is by mortgagee of cattle for a conversion thereof,
if the value of the mortgaged property exceeds the mortgage debt
with interest and reasonable attorney's fees, the damages to be as-
sessed is the amount of the mortgage debt with interest and reason-
able attorney's fees.

6. *Same; Evidence.*—Where it appeared that the mortgage under
which plaintiff claims was given in renewal of another mortgage,
there was no error in admitting the original mortgage in evidence,
the action being by the mortgagee for the conversion of the mort-
gaged chattel.

APPEAL from St. Clair Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by S. J. Dunklin against W. N. Maddox, indi-
vidually and as surviving partner of Wait & Maddox.
From a judgment for plaintiff, defendant appeals. Af-
firmed.

The evidence tended to show that the mules, together
with others, had been mortgaged by W. M. Cochran and
by Cochran & Webb to J. C. Street. The mortgagors re-

sided in St. Clair county, and the mortgaged property was kept there, and there the mortgages were duly recorded, and were later transferred by indorsement and also by separate paper writing by Street to the plaintiff. The mortgage becoming due and not being paid, Cochran executed a renewal mortgage note for the amount due Street, but executed it to plaintiff. This mortgage was duly executed February 12, 1901, and recorded the same day. Cochran conveyed the two mules to Wait & Maddox to secure advances for the year 1901, and the mortgage was dated January 16, 1901, and was recorded February 1, 1901.

The following charge was given for the plaintiff: "(4) If the jury find the issues in favor of the plaintiff, and find the value of the property converted by the plaintiff to exceed the mortgage debt, with interest, and reasonable attorney's fees for the collection of the debt, then the jury should assess the damages at the amount of the mortgaged debt (not including the attorney's fee of $12.50 paid to R. Y. Street), with interest from the maturity of the debt to the present, and reasonable attorney's fees for the collection of the debt."

M. M. SMITH, and VICTOR H. SMITH, for appellant.—
The paper writing purporting to be the mortgage and notes to plaintiffs by Street, was at the time it was offered in evidence prima facie illegal and inadmissible.—
153 Ind. 655; 99 Ia. 604; 171 N. Y. 648. The measure of damages in trover is the value of the property at the time of the conversion with interest and the jury may assess the highest shown value.—*Barnwell v. Parker,* 124 Ala. 341; *Banks v. Hubbard,* 69 Ala. 379. Attorney's fees are not recoverable unless specially claimed, and it is doubtful if they are proper at all in trover.—
*Ross v. Malone,* 97 Ala. 529; *Boggan v. Bennett,* 102

[Maddox, et al. v. Dunklin.]

Ala. 400. The mere renewal of the evidence of the debt secured by mortgage is neither payment nor a discharge, but in order to preserve the lien of such former mortgage, the parties to such renewal, as well as the property and debt, should be the same, otherwise intervening lien has the preference.—*New Eng. Mfg. Sec. Co. v. Hirsch Bros.*, 96 Ala. 232; *Boyd v. Beck*, 29 Ala. 703; *Helmetagg v. Frank*, 61 Ala. 67. Presumptively, the release and satisfaction of mortgage extinguishes the debt for which it is given.—27 Cyc. 1429; *Miller v. Griffin*, 102 Ala. 610.

KNOX, ACKER & BLACKMON, for appellee.—When the bill of exceptions does not contain all the evidence this court will presume that there was evidence sufficient to support the judgment of the circuit court.—*Wadsworth v. Williams*, 101 Ala. 264; *Evansville, etc., Co. v. Slater*, 101 Ala. 345; *Mobile, etc., R. R. Co. v. Owen*, 121 Ala. 505, 513; *Western Ry. Co. v. Williamson*, 114 Ala. 145. The renewal of a mortgage or the note secured thereby, although it may include other property, does not destroy the lien of the first mortgage.—*Boyd v. Beck*, 29 Ala. 703; *Helmetag v. Frank*, 61 Ala. 67; *Evans v. English*, 61 Ala. 416, 422; *McGuire v. Van Pelt*, 55 Ala. 344. When mortgage provides for attorney's fees, such fees are recoverable for prosecuting a suit in trover for the conversion of the mortgaged property, if the value of the property equals or exceeds the debt, interest and attorney's fees.—*McLester v. Somerville*, 54 Ala. 670.

SIMPSON, J.—This is an action by the appellee against the appellant for the conversion of two mules. The court, on the written request of the plaintiff, gave the general affirmative charge in favor of said plaintiff. The bill of exceptions does not state that it contains all

[Maddox, et al. v. Dunklin.]

of the evidence, and there is internal evidence that it does not contain all.   This court has frequently held that, unless the bill of exceptions shows that it contains all of the evidence, the court will presume that there was evidence justifying the trial court in giving the general charge.—*Wardsworth v. Williams*, 101 Ala. 264, 13 South. 755; *Evansville, etc., Co. v. Slater*, 101 Ala. 245, 15 South. 241; *Western Ry. v. Williams*, 114 Ala. 145, 21 South. 827.

There was no error in the giving of charge No. 4, as to the measure of damages.—*McLester v. Somerville & McEachin*, 54 Ala. 670.

There was no error in the admission of the mortgages to Street, as the evidence tended to show that the mortgage under which the plaintiff claimed was given in renewal of them; nor was there any other error in the admission or the exclusion of evidence.

The judgment of the court is affirmed.

DOWDELL, C. J. and MAYFIELD and SAYRE, JJ., concur.


ON REHEARING.


SIMPSON, J.—The defendant objected to the introduction of two of the mortgages, because the description of the mules in the same differs from the description in the complaint of the mules claimed to have been converted.   Plaintiff's counsel stated to the court that evidence would be offered connecting each of the mortgage notes with the mortgage to the plaintiff, and the court admitted the mortgages.  If, after the evidence was taken, the defendant thought that it had not sufficiently connected the transactions to make the mortgages admissible, he should have moved then to exclude

the mortgages, in order to put the court in error. In addition, it may be said that, as no judgment was sought or obtained on account of any mules other than those described in the complaint, it cannot be seen how the introduction of the mortgages could or did in any manner prejudice the case of the defendant.

As to not discussing all of the points suggested in the brief of appellant, this court discusses only those that are necessary to a decision of the case, and does not attempt further to lay down a "rule of guidance or precedent to the bench and bar of the state." "In the judicial records of the king's courts, the reasons or causes of the judgment," says Lord Coke, "are not expressed; for wise and learned men do, before they judge, labor to reach the depths of all the reasons of the case in question, but, in their judgments, express not any; and in truth, if judges should set down the reasons and causes of their judgments, within every record, that immense labor should withdraw them from the necessary services of the commonwealth, and their records should grow to be like Elephantini Libri, of infinite length, and, in mine opinion, lose somewhat of their present authority and reverence; and this is worthy for learned and grave men to imitate."—Coke's Reports, part 3, pref. 5. "It can serve no purpose of public good to repeat elementary principles of law which have never been questioned for centuries."—*Vaughn v. Harp,* 49 Ark. 160, 163, 4. S. W. 751, 753.