[Corey v. Penney.]

# Corey *v*. Penney.

## *Assumpsit.*

(Decided Feb. 10, 1910.   51 South. 624.)

1. *Judgment; Res Adjudicata; Plea.*—A plea of res adjudicata as to a partial failure of consideration which does not set forth matters in bar of the entire action, is bad.

2. *Same; Defenses Concluded.*—In an action on part of a series of notes executed on account of a sale of a stock of goods, and for interest due on the balance of the notes, where partial failure of consideration was set up by plea, the value of the entire stock was not necessarily determined under the issues, and in a subsequent action on the balance of the series of notes the value of the stock may be again litigated.

3. *Appeal and Error; Harmless Error; Pleading.*—Where the jury finds in favor of the plaintiff, any error in rulings on the sufficiency of the plea of res adjudicata filed by the defendant, was harmless.

4. *Evidence; Value of Goods.*—Although not of itself binding on the parties the fact that the goods in question was sold at a sheriff's sale near the time when their value was an issue may be shown as a circumstance to be considered by the jury, in connection with the other evidence, as to their condition, age and value.

5. *Same; Similar Facts.*—Evidence as to the value of goods in Huntsville or Decatur may be produced to prove their value in either of the other of said places, in the absence of anything showing a difference in the value of such goods in the two markets.

6. *Evidence; Value; Mean of Knowledge.*—Where a witness is shown to have known the value of such goods in Huntsville, he may testify as to their value in Decatur without showing that he knows the value in both places.

APPEAL from Morgan Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by Lorenzo Corey against J. A. Penney upon certain promissory notes.   From a judgment for the plaintiff awarding insufficient damages, plaintiff appeals.   Affirmed.

E. W. GODBEY, for appellant.—The court erred in overruling demurrers to defendant's new plea 9 and in sustaining demurrers to plaintiff's replication to such

[Corey v. Penney.]

plea.—*Nesbitt's Case,* 144 U. S. 610. The judgment in the former suit was deprived of any effect in defendant's favor.—*Desollar v. Hanscome,* 158 U. S. 221; *Russell v. Place,* 24 L. Ed. 215. The court erred in admitting evidence of the sheriff's sale of said goods.—*L. J. C. Co. v. Lischkoff,* 109 Ala. 132; *Wash v. Stickles,* 72 U. S. 592. Under the circumstances in this case, the court erred in not allowing evidence as to the first cost of the pipe machine.—2 Joyce on Damages, Sec. 1037. Defendant obtained full measure of relief as to failure of consideration in the former suit, and cannot now claim it.—*Taylor v. Chambers,* 1 Ia. 124; *Hoover v. Kilander,* 34 N. E. 697; *S. & N., etc., Co. v. Henlein,* 56 Ala. 375; *Clement v. Field,* 147 U. S. 465; *Geiser v. Farmer,* 34 N. E. 175; *Brown v. First National Bank,* 132 Fed. 455; *Foster v. Konbright,* 70 Ind. 123; 34 Clyco. Law (2nd Ed.) 789; *Sledge v. Swift,* 53 Ala. 110; *Wood v. Fowler,* 37 Ala. 389; *Durham v. Benedict,* 120 U. S. 630; *Grisham v. Bodman,* 111 Ala. 194; *Riddle v. McLester,* 40 So. 101-102; *Watkins v. Amer. Nat. Bank,* 134 Fed. 36; *Gilmore v. Whiteman,* 70 N. W. 364; 24 Cylco. of Law. 789; *Darbey v. Bank,* 97 Ala. 643; 11 So. 882.

CALLAHAN & HARRIS, for appellee.—The action of the court on the pleadings was without error.—*Corey v. Penney,* 41 South. 978; *Felton v. Smith,* 45 Am. Rep. 454. The question of the entire value of the goods was not necessarily adjudicated on the former trial.—Authorities supra, and *Brown v. Freeman,* 79 Ala. 410. Evidence of the sheriff's sale of the goods was admissible as bearing on the question of value.—*Pope v. Randolph,* 13 Ala. 221; 16 Cyc. 1141; 85 Am. Dec. 739; 42 N. Y. 44. Evidence of the value of the goods at Huntsville was admissible.—*Johnson v. West,* 43 Ala. 689; *Ward v. Reynolds,* 32 Ala. 390.

MAYFIELD, J.—Plea 9, or a similar one, and replications thereto, were treated at length on a former appeal of this case.—147 Ala. 617, 41 South. 978. The plea was not a good one of res judicata, in that it did not set forth matters in bar to the entire action. As was held by this court on former appeal, it is a plea of partial failure of consideration. If it could be said to be a plea of res judicata in bar of the entire action, the jury having found in favor of the plaintiff, no injury could have come to the plaintiff on account of the rulings of the trial court thereon.

We held on the former appeal that the judgment of the circuit court on a former trial, which was set up as a defense to this action, was not a bar to this action, and that it did not preclude the defendant from pleading failure of consideration in this suit.

The question of fraud, actual or constructive, in the sale of the stock of goods, the consideration of the series of 80 notes, a part of which were the subject of the former as well as of this suit, was made an issue on both trials, and the verdict and judgment in each case shows that the issue was found in favor of the defendant.

The question as to the value of the entire stock of goods was not necessarily determined in the former suit. That question, under the issues in this case, was properly litigated. It was necessary to determine the question of failure of consideration vel non, and, if a failure, to what extent. The trial court appears to have properly ruled as to the admissibility of evidence on these issues. The fact that the goods in question were sold at a sheriff's sale near the time they were sold by plaintiff to the defendant was a circumstance to be considered by the jury as to the condition, age, and value of the goods. While the price at which they sold

[Corey v. Penney.]

at the sheriff's sale was not binding on the parties, and was so held by the trial court, it was shown to be a circumstance which was proper for the consideration of the jury, in connection with all the other evidence in the case.

We know of no such difference in the price of goods like those in question in the two markets of Huntsville and Decatur as to render evidence as to the value of the goods in one place inadmissible to prove their value in the other. A witness knowing the value at one place may testify as to the value at the other, without first showing that he knows the value at both places.

We passed upon most of the questions raised on this appeal in the opinion in the same case on former appeal. The trial court seems to have tried the case in accordance with the principles of law announced in the former opinion. We see no reason to change that opinion, but adopt it in this case, so far as applicable.

Appellant claims that the judgment in the former case was treated by appellee and the trial court as res judicata and in bar of the matters litigated in this suit. We cannot agree with appellant in this contention. If so, it would be without injury, as above stated, because the verdict and judgment in this case is in favor of plaintiff for $1,253.18. This is conclusive that the pleas were not treated or found as a complete bar to plaintiff's action, but only as a partial failure of consideration.

Finding no error, the judgment must be affirmed.
Affirmed.

ANDERSON, McCLELLAN, and SAYRE, JJ., concur.