# Central of Georgia Railway Company v. Bell.

## Damage for Death of Passenger.

(Decided June 18, 1914.  65 South. 835.)

1. *Carriers; Passengers; Injury; Complaint.*—It is sufficient to charge that the wrong complained of was the proximate cause of the injuries sustained; hence, a complaint in an action for injuries to a passenger was not demurrable for failure to aver a sufficient relation between the wrongful cause and the damnifying effect, where it alleged that decedent went to the depot of defendant to take passage on one of defendant's pasenger trains, where one of defendant's servants in charge of a freight train wantonly caused a freight car to run against plaintiff's decedent, knocking him down and causing injuries as a proximate consequence of which he died.

2. *Same; Negligence; General Averment.*—Where the action was for the death of a passenger from injuries received by being struck by a freight car while standing in the zone reserved for passengers at a station, a general allegation that his injury was caused by the negligent act or omission of servants of defendant in charge of the freight train, then being operated over defendant's track was sufficient, the relation having been previously stated.

3. *Same; Contributory Negligence.*—The complaint examined and it is held that the fact that plaintiff's decedent was on or near the side track was insufficient to invest his position with any element of wrong or breach of duty or care, and did not therefore import contributory negligence.

4. *Same; Willfulness.*—Where a passenger was struck and received injuries, while standing at the carrier's railroad station within the zone intended for passengers awaiting a train on which he intended to take passage, by the negligent propulsion of a freight car on a side track over such area at a high speed by the servants of the

carrier, without observing the precautions required by the character and frequency of the use of such place at such time by persons intending to take passage, it was sufficient to justify a finding by the jury of willful injury.

5. *Same; Who Are Passengers; Depot.*—Where, with the bona fide intention of taking passage on a train a person goes to the station of the carrier at a reasonable time before the arrival of such train, such person is entitled to the protection of a passenger from the moment he enters the carrier's premises; the payment of fare not being a condition precedent to the establishment of the relation of passenger and carrier.

6. *Same; Jury Question.*—Under the evidence in this case, it was a question for the jury whether the relation of carrier and passenger existed between plaintiff's decedent and the railroad at the time of the injury.

7. *Same; Evidence.*—Evidence of the railroad fare and of decedent's possession of sufficient funds to pay the fare to the point to which he desired to go was admissible on the question of the bona fides of his intention to take passage between such points.

8. *Same.*—Evidence that the place where decedent was at the time of the injury was within the passenger zone, and the extent and frequency of the use of such place by passengers was admissible.

9. *Same; Res Gestae.*—The declaration of decedent before setting out on his journey made while at the place to take the train, as to where he was going and how, was admissible as of the res gestae.

APPEAL from Talladega Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Action by R. G. Bell, as administrator of L. F. D. Rosser, deceased, against the Central of Georgia Railway Company, for damages for the death of his intestate. Judgment for plaintiff, and defendant appeals. Affirmed.

The complaint is as follows: Count 1: Plaintiff, as such administrator claims of defendant the sum of $50,-000 damages for that, whereas, on or about, to wit, May 31, 1913, defendant was a common carrier of passengers by means of a railroad over which it ran trains of cars propelled by locomotive or steam engines between Sylacauga, in Talladega county, Ala., and Libby, otherwise known as Arkwright, in Shelby county, Ala. Plaintiff avers that at Sylacauga defendant maintained a depot for the accommodation of its passengers, which said

depot was located a few feet west of defendant's said
railroad, and a few feet south of the Louisville & Nash-
ville Railroad at the intersection of said railways in
Sylacauga, and about 10 or 15 feet from said depot.
Plaintiff avers that on said date plaintiff's intestate
went to defendant's said depot at Sylacauga for the
purpose of taking passage on one of defendant's pas-
senger trains from Sylacauga to Libby as aforesaid;
and plantiff avers that on said date there was a side
track maintained by defendant and used by it between
the main line of said railroad and said depot at Syla-
cauga, which said track was about 5 or 6 feet from said
depot, and it was necessary for defendant's passengers,
in an effort to board defendant's passenger train which
was operated over the main line, to cross over said side
track in going from the depot to the passenger train at
Sylacauga; and plaintiff avers that on said date, while
his intestate was standing between said tracks and said
depot waiting for the arrival of said defendant's passen-
ger train to take passage as aforesaid, and while said
intestate was near said side track, and about 30 minutes
before said passenger train was due to arrive, the agents
or servants of defendant in charge of a freight train,
and acting within the line and scope of their authority
as such, wantonly, willfully, or intentionally caused a
freight car to run against plaintiff's intestate, knock-
ing him down, and the wheel or wheels of said freight
car ran over one of plaintiff's intestate's legs and so
mutilated it that it was necessary to amputate it, and
that such other serious injuries were inflicted on the
person of plaintiff's intestate that, as a proximate con-
sequence thereof, plaintiff's said intestate died on or
about the 1st of June.

Count 3: Plaintiff adopts all of the first count of this
complaint, except the words "wantonly, willfully, or in-

tentionally" where they occur therein, and substitutes in lieu thereof the word "negligently"; and as part of this count plaintiff adds the following:

Plaintiff further avers that the place where plaintiff's said intestate was standing at the time he was run against by said freight car is a place prepared by defendant for defendant's passengers to stand while waiting for the arrival of said passenger train on which plaintiff's said intestate was intending to take passaage.

BARNES, DENSON & DENSON, for appellant. The complaint was defective for failing to aver that the alleged negligence was the proximate cause of the injury, not a proximate cause of consequence.—*Wes. Ry. v. Mutch,* 97 Ala. 196; *Decatur Co. v. Mehaffey,* 128 Ala. 242; *So. Ry. v. Harrington,* 166 Ala. 630; *So. Ry. v. Crawford,* 164 Ala. 178; *C. of Ga. v. Sigma L. Co.,* 54 South. 205; *Tobler v. Pioneer M. & M. Co.,* 166 Ala. 482. A count in simple negligence is demurrable if it shows that plaintiff was guilty of negligence proximately contributing to the injury, as in count 3 as amended.—*Ala. S. & W. Co. v. Tallant,* 165 Ala. 521. Neither the evidence nor the questions calling for the evidence should be allowed to cover territory not put in issue by the pleadings.—Authorities supra. The court erred in refusing charge 4.—*L. & N. v. Markee,* 103 Ala. 160. The court erred in refusing charge 2.—*L. & N. v. Brown,* 121 Ala. 221. The court erred in refusing new trial.— *Teague v. Bass,* 131 Ala. 422; *Davis v. Miller,* 109 Ala. 600; *B'ham Ry. v. Clay,* 108 Ala. 233; *Shepherd v. Dowling,* 103 Ala. 577.

RIDDLE & PRUETT and KNOX, ACKER, DIXON & SIMS, for appellee: Where a count states a duty to exercise care, a failure to perform the duty and negligent acts

causing injury, the negligence may be averred generally.
—*Culberson v. Empire C. Co.,* 156 Ala. 416; *So. Ry. v.
Weatherlow,* 153 Ala. 171; *B. R. L. & P. Co. v. Jordan,*
170 Ala. 530. Plaintiff's decedent was entitled to pro-
tection as a passenger.—2 Hutchinson on Carriers, p.
1163; *N. Bir. Ry. Co. v. Liddicoat,* 99 Ala. 545. The
facts were such as to authorize a finding of willful
wrong on the part of the servants operating the freight
train.—*So. Ry. v. Sheldon,* 136 Ala. 191; *So. Ry. v.
Bush,* 122 Ala. 470; *Carlisle v. A. G. S.,* 52 South. 341.
Declarations made by a person just prior to setting out
on a journey as to where he was going and how, are ad-
missible.—*Pitts v. Burrows,* 6 Ala. 733; *Olds v. Powell,*
7 Ala. 652; *Autauga Co. v. Davis,* 37 Ala. 703; *Kilgore
v. Stanley,* 90 Ala. 523; *Campbell v. The State,* 133 Ala.
81. There is no error in overruling motion for new trial.
*Bingham v. Davis,* 141 Ala. 551; *Lyon v. McGowan,* 156
Ala. 462; *Bir. T. Co. v. Reville,* 136 Ala. 335.

McCLELLAN, J.—The action is for damages, insti-
tuted by appellee against appellant, which is a common
carrier.

Appellee's intestate (L. D. F. Rosser) was killed at
Sylacauga by being run upon by cars in operation on
appellant railway.

The report of the appeal will contain amended counts
1 and 3, upon which the trial was had.

The pleas were the general issue, and, in addition, as
respects the third count, contributory negligence on the
part of Rosser. Count 1, as last amended, ascribed Ros-
ser's injury to the wanton, willful, or intentional mis-
conduct of defendant's servants whereby a freight car
was run against Rosser, killing him. The third count
attributes Rosser's injury to simple negligence. Both
counts aver Rosser's then relation to the carrier to have

been that of a passenger—one at a station of the carrier for the purpose of taking passage.

There was demurrer to the first count; and of its grounds one is here asserted to have been well taken, viz.: That the wrong averred is not alleged to have been the proximate cause of Rosser's injury. The argument is that the legal requirement for a sufficient averment of relation between the wrongful *cause* and the damnifying *effect* alleged is not met by an averment that the wrong charged was *a* proximate cause of the injury suffered. The contention, if not hypercritical, is unsound. The count was not subject to demurrer on any ground.

It is next insisted that the third count showed by its averments that Rosser himself was guilty of contributory negligence, barring a recovery by his personal representative. The seventh ground of demurrer pointed this objection. It appears from the averments of the third count that Rosser, alleged to have been then on the premises for the purpose of taking passage on the carrier's train soon to arrive, was standing at a place "prepared by the defendant for the defendant's passengers to stand while waiting for the arrival of said passenger train," and that he was *negligently* injured by the act or omission of the servants of defendant in charge of a freight train then in operation over defendant's track. In such cases it has been repeatedly ruled that general averments charging negligence are all-sufficient. There is nothing on the face of the count to show any negligence at that time on the part of Rosser. The fact that he was on or near the side track, where he was stricken by the defendant's car or train, could not effect to invest his position with any element of wrong or breach of duty or of care when it is specifically averred that he was then in a place whereat provi-

sion had been made by defendant for such as he to stand until the arrival of his train. To affirm that such a count imported contributory negligence would require the assumption that, though there invited to stand for purposes of passage on the carrier's trains, the acceptor did so at his peril—an assumption that could not be indulged in the light of the count's full allegations. Here, also, the averment of proximate cause was sufficient. There was no error in overruling the demurrer.

"Whether or not a person is a passenger is generally a question for the jury, and always so when different inferences may be drawn from the testimony" bearing on that particular issue.—*North Birmingham Ry. Co. v. Liddicoat,* 99 Ala. 545, 550, 13 South. 18.

Under the ample definition of *passenger* announced in *Ala. City Ry. Co. v. Bates,* 149 Ala. 487, 43 South. 98, these are the elements essential to constitute the relation of *passenger and carrier* so as to impose upon the carrier the duties and obligations usual to that service: A contract, express or implied, comprehending as of course a bona fide intention of and offer by the person to be transported by the carrier, to put himself in the care or under the direct control of the carrier; and the acceptance of such tender, for carriage, by the carrier. The relation begins whenever these elements of contract are shown, which may be done by evidence, direct or circumstantial, tending to establish those elements from which the law thus deduces the existence, at the time in question, of the relation. The payment of fare is not a condition precedent to the establishment of the relation of *passenger* and *carrier*. So it has been ruled here, in announcement of general doctrine, that: "If a person has the bona fide intention of taking passage by a train and goes to a station at a reasonable time, he is entitled to protection in these respects, as a

passenger, from the moment he enters the carrier's premises."—*North Birmingham Ry. Co. v. Liddicoat, supra.*

Whether Rosser had become and was, when injured, a passenger was a question for the jury under the issues made by the pleading, to sustain which there was testimony adduced. It was incumbent upon the plaintiff to show, at least prima facie, that Rosser, entertaining the bona fide intention stated above, went to the station of this carrier at a reasonable time before the scheduled arrival of the train on which he intended to take passage, that he committed himself to the care or control of the carrier, and that the carrier accepted him as a passenger. There was evidence inviting an affirmative finding by the jury on this issue. There was also evidence to the effect that the place or places whereat Rosser was when last seen before his injury and whereat he was when stricken were within the area for rightful use by persons awaiting the arrival of trains on which they intended. to take passage. And there was also evidence tending to show such constant (about train time) and . popular use of that area by passengers and public, and knowledge thereof by the trainmen charged here to have been derelict, as to carry the issues under the wanton, etc., count to the jury for solution; and of these issues was the factor made by that phase of the evidence tending to show the propulsion of the cars over that area at a high speed, without the observance of those due precautions that the character and frequency of the use of the place, by persons intending to take passage on trains, required.—*L. & N. R. R. Co. v. Williams,* 183 Ala. 138, 62 South. 683. Indeed, it is manifest that the solution of the issues, under the first count, was the jury's province under the evidence. And the evidence compels a like conclusion with respect to the issues

made by the third count. There was evidence from which it was reasonable to conclude that the trainman or trainmen were looking ahead of the approaching freight cars, along the side track at the place—as shown by other evidence that may have been credited by the jury—whereat Rosser was when stricken, and that, with and after actual knowledge of Rosser's peril, there was negligent omission, by defendant's servant or servants, of action to avert his injury. Roser had spent the night before his injury with his son-in-law, Dr. Bell. He and Bell went to the station at least 40 minutes before the train he desired to take was due to arrive.

During the examination of Bell for the plaintiff the bill of exceptions recites the following:

" 'When he left the house on the way to the depot, he said he was going to Arkwright, and from there to his daughter's home.' At this point plaintiff's counsel asked the witness the following question: 'When he left the house on the way to the depot, did you hear him say where he was going, and how?' Whereupon the defendant's counsel said: 'We object to where he was going. I think it is competent if he heard him say.' 'Did you hear him say where he was going?' The witness answered and said: 'Yes; I heard him say.' The plaintiff's counsel asked the witness: 'Where was it?' Whereupon the defendant's counsel said to the court: 'We had rather he would state Mr. Rosser's conversation in that respect.' Whereupon plaintiff's counsel said: 'Let him state.' The witness answered and said: 'He said he was going to Arkwright, and from there to Lanier's to his daughter's. Whereupon plaintiff's counsel asked the witness: 'Well, was that all he said?' Whereupon defendant's counsel said: 'That is all, if your honor please. That is competent in this respect: We concede it is competent, where a person is

starting out on a journey, what he said in respect to starting out is competent. Further than that it is not competent.' Whereupon the plaintiff's counsel said to the witness: 'In respect to where and how he was going.' The court said: 'I think it is competent.' Whereupon the plaintiff's counsel asked the witness: 'Was anything else said by him about how he was going?' The defendant's counsel objected then and there on the ground that it was illegal and incompetent testimony. The court overruled the objection. The defendant then and there reserved an exception. The witness answered the question and said: 'He said he was going to the depot, and going up on the train.' The defendant objected to said answer, and moved to exclude same on the same grounds interposed to the question. The court overruled defendant's objection and motion to exclude, and allowed said answer to go to the jury, to which ruling of the court the defendant then and there duly excepted. Plaintiff's counsel then asked the witness the following question: 'Do you know how much the fare was on the Central of Georgia Railroad from Sylacauga to Arkwright?' Defendant objected to said question on the following grounds: (1) It is immaterial. (2) It is irrelevant. The court overruled the objection of the defendant, and permitted the witness to answer the question, to which ruling of the court the defendant then and there duly excepted. In response to said question, the witness answered: 'Fifty or fifty-two cents; I do not know which.' The defendant objected to said answer, and moved to exclude same on the same grounds interposed to the question. The court overruled the objection and motion to exclude of the defendant, and permitted said answer to go to the jury as evidence, to which ruling of the court the defendant then and there duly excepted."

"What a person says on setting out on a jorney, or to go to a particular place explanatory of the object he has in view in so setting out, is res gestæ evidence, and may be proven; and the jury may give it such weight as they think it entitled to."—*Kilgore v. Stanley,* 90 Ala. 523, 525, 8 South. 130, 131.

The question (quoted above), to which responsive answer was given by the witness, "was anything else said by him about how he was going?" clearly called for testimony within the rule restated. *How* he was going had an immediate bearing upon the issues made by both counts, particularly upon an element of the inquiry, whether Rosser passed within the protection accorded to a passenger, and was so invested when he was injured. There was no error in overruling the objection to the quoted question, nor in overruling the motion to exclude the answer thereto. The court committed no error in allowing testimony showing the railroad fare, and Rosser's possession at the time of sufficient funds to pay the fare, from Sylacauga to Arkwright. The effect of such evidence was to tend to confirm the bona fides of Rosser's expressed intention to take passage between those points.

With the evident purpose of showing the area about the station—its environs—set apart or prepared by the carrier for the use of persons coming to take the trains of the carrier, or to await their arrival, much testimony was presented tending to establish the general, popular use, by persons intending to take passage, of the territory in which Rosser was stricken. The questions to this end propounded to the witness Hightower were not objectionable. Under theories of defendant's legal accountability springing out of the averments of both the first and third counts, evidence was necessarily admissible that tended to show what territory was within the

passenger zone, and the extent and frequency of its use by persons related to the carrier as Rosser might have been found to bear to the carrier; and also as tending to establish knowledge on the part of these trainmen that at that time, before the arrival of passenger trains, going east and going west, there would probably be persons rightfully within the passenger zone, on or near the side track at the point where Rosser was stricken, who would be exposed to danger of injury by the rapid or unannounced shunting or pushing of cars over that part of such side track.

Under the evidence shown by this record, it could not be seriously contended that contributory negligence on the part of Rosser was conclusively established.

There being no error shown, the judgment must be affirmed.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.