184 So.2d 807

John W. COOK

v.

Marina LATIMER, Admrx.

4 Div. 192.

Supreme Court of Alabama.

March 17, 1966.

Rehearing Denied April 15, 1966.

Prestwood & Prestwood, Andalusia, and Alvin T. Prestwood, Montgomery, for appellant.

Frank J. Tipler, Jr., Tipler & Fuller, Andalusia, Macbeth Wagnon, Jr., Bradley, Arant, Rose & White, Birmingham, for appellee.

GOODWYN, Justice.

Appellant brought suit against appellee to recover damages for personal injuries received in an automobile accident. The complaint, as it went to the jury, charged appellee's intestate, Walter F. Latimer, Jr., with wantonness in operating the automobile involved in the accident and alleged that appellant was a passenger in the automobile at the time of the accident. The defendant filed a plea of the general issue and also a plea of recoupment alleging plaintiff's wantonness in operating the automobile at the time of the accident. There was a jury verdict, and judgment thereon, in favor of the defendant with respect to plaintiff's claim and a denial of defendant's counter-claim. The plaintiff brings this appeal from that judgment and charges error in denying recovery by him. There is no cross-appeal by the defendant.

This is the second appeal in the case. The first appeal, reported as Cook v. Latimer, 274 Ala. 283, 147 So.2d 831, was brought by plaintiff from a judgment in favor of the defendant with respect to plaintiff's claim and denying defendant's counter-claim. There was no cross-appeal by the defendant. The judgment was reversed and the cause remanded. On remandment, the case was retried with the above-stated result. That trial is presently under review.

Appellant and Latimer, good friends and both about 19 years of age, were the only

**296**

occupants of an automobile, owned by appellant's father, which left the road and ran into a large pecan tree along Highway 331 just inside the corporate limits of Brantley, Alabama, a short time after midnight. They had been to Troy for dates and were returning to their homes in Andalusia. Latimer was killed and appellant was seriously injured. The automobile was practically demolished by the impact. No other automobile was involved. On the trial, a crucial point of contention was which of the boys was driving the car.

There are twelve assignments of error. Our conclusion is that none of them constitutes reversible error and that the judgment is due to be affirmed. We dispose of the assignments as follows:

### No. 1.

This assignment is as follows:

"1. The Court erred in not restraining Appellee's counsel who repeatedly made highly prejudicial remarks before the jury in his opening statement of Appellee's defense. (R. 24, 25)."

Aside from any other reason, this assignment is without merit because it is too general to invite review. See: Shelby County v. Baker, 269 Ala. 111, 126, 110 So.2d 896; Rule 1, Revised Rules of Practice in the Supreme Court, 261 Ala. XIX, XX.

### No. 2.

This assignment is as follows:

"2. Error was committed when Appellee's counsel, after being instructed to refrain altogether from a line of questioning about Walter Latimer's feelings, etc. (whether this decedent presently had any *pain*) (R. 33), continued to pursue this line by asking:

"Can Walter Junior work for his Daddy? (R. 39)

"Is Walter Junior married? (R. 134)"

Aside from any other reason, this assignment is not sufficient to invite a review be-

cause it does not allege any error committed by the trial court. See: Standard Oil Company v. Johnson, 276 Ala. 578, 580, 165 So.2d 361; Evergreen Heading Co. v. Skipper, 276 Ala. 623, 165 So.2d 705; Thomas v. Brook, 274 Ala. 462, 463, 149 So.2d 809; Life & Casualty Ins. Co. of Tennessee v. Womack, 228 Ala. 70, 71, 151 So. 880.

### Nos. 3, 4 and 5.

These assignments cannot be considered because they are not substantially argued in appellant's brief. Rule 9, Revised Rules of Practice in the Supreme Court, 261 Ala. XIX, XXII, contains this provision: "Assignments of error not substantially argued in brief will be deemed waived and will not be considered by the court."

### No. 6.

This assignment is as follows:

"6. The Court erred in admitting the deposition of Dr. Mervel V. Parker in evidence when the witness was on the stand and the Appellee did not specify any particular point of impeachment but introduced, in bulk, the deposition from a *copy* of the transcript itself. (R. 110, 111)."

Apparently, appellee was offering the deposition for impeachment purposes. The following occurred:

"MR. TIPLER: Now we want to offer it. I just hate for him to sit here and read it. You can check it during the night and if there is anything different about it I'll take it out.

"MR. PRESTWOOD: You can ask him without any objection on our part, Frank, anything about the deposition.

"MR. TIPLER: I want to offer it in evidence.

"MR. PRESTWOOD: But we are objecting to the way you are offering it, because that is not the deposition. That's just part of it."

█ The ground of the objection interposed is not argued at all. Instead, the argument is that the deposition should not have been received in evidence because the witness was present in court. In reviewing the action of the trial court in overruling objections to evidence, this court will consider only the grounds of objection assigned when the objection was made. See: Granberry v. Gilbert, 276 Ala. 486, 488, 163 So.2d 641; Marigold Coal, Incorporated v. Thames, 274 Ala. 421, 424, 149 So.2d 276; Rule 33, Rules of Practice in Circuit and Inferior Courts, Code 1940, Tit. 7, Appendix, p. 1034. Accordingly, the ground argued, which was not assigned when the objection was made, cannot be considered; and the ground assigned when the objection was made cannot be considered because it is not argued.

### No. 7.

██ This assignment is as follows:

"7. The Court erred in admitting, over timely objection of Appellant, evidence of the conversation occurring in Andalusia before the Appellant and the decedent Walter Latimer, Jr. left Andalusia enroute to Troy. (R. 135)."

The evidence objected to was given by a witness who was present at the Latimer residence on the evening of the accident before the two boys left on their trip to Troy. The substance of the evidence was as follows:

The two boys came into the room where the witness was visiting with Mrs. Latimer. Walter Latimer, Jr., asked his mother if he could go to Troy with appellant. Mrs. Latimer first refused permission for Walter to go because he had been ill. Appellant told Mrs. Latimer that he and Walter were going in appellant's car and that appellant was going to drive. Mrs. Latimer then gave Walter permission to go on the trip.

As already noted, there was a dispute as to which of the boys was driving at the time of the accident. This evidence obviously related to that issue. This court has held that "[w]hat a person says on setting out

on a journey, or to go to a particular place, explanatory of the object he has in view in so setting out, is res gestae evidence, and may be proven; and the jury may give it such weight as they think it entitled to." See: Central of Georgia Railway Co. v. Bell, 187 Ala. 541, 551, 65 So. 835, 838; Kilgore v. Stanley, 90 Ala. 523, 525, 8 So. 130. See, also, Thornton v. State, 253 Ala. 444, 448, 45 So.2d 298.

The statement here in question was made by appellant on setting out on the journey and is explanatory of the journey. It was, therefore, admissible as res gestae evidence.

### No. 8.

This assignment is not substantially argued in appellant's brief. For this reason, aside from any other, it cannot be considered. Rule 9, Revised Rules of Practice in the Supreme Court, supra.

### No. 9.

█ This assignment is as follows:

"9. The Court erred in its oral charge by using the term willful misconduct (R. 151) and stating that the plaintiff's complaint alleged that plaintiff suffered damages by virtue of the wantonness or willful misconduct of the defendant's intestate. (R. 151)."

In the trial court's oral charge to the jury it was stated that plaintiff alleged "in his complaint that on the occasion and at the place complained of that he suffered damages by virtue of the wantonness or willful misconduct of defendant's intestate." The complaint charges wantonness. The term "willful" is not used. At the conclusion of the oral charge the plaintiff excepted "to all references in the court's oral charge to willfulness, there being no claim for willfulness in our complaint." Thereupon, the court said: "Yes, gentlemen, if I said willfulness I meant wantonness." In so correcting the statement, we think any error in using the term "willful" was cured, particularly in view of the other parts of the trial court's oral charge and charges given at the request of the parties.

### No. 10.

■ This assignment is not argued at all and must be considered as waived. Rule 9, Revised Rules of Practice in the Supreme Court, supra.

### No. 11.

■ This assignment charges error "in overruling appellant's motion for a new trial." Only one of the nine grounds of the motion is argued under this assignment, viz.: that "the court erred in admitting, over timely objection of the plaintiff, evidence of retrograde amnesia." This evidence was offered by appellee on the cross-examination of one of appellant's medical witnesses.

The witness was asked, "What is retrograde amnesia?" Plaintiff objected "to a definition, * * * to the definition of something that's not at issue in the case as of this point. If counsel on his defense of this case wishes to put retrograde amnesia at issue then it would be appropriate, but as of now it is not an issue in this case." The court sustained the objection and then stated: "I am going to change that ruling and let you ask him about it in hopes you won't have to bring him back if you want to make an issue out of it later." The question was then answered.

Obviously, the evidence was admitted conditionally, that is, subject to its relevancy being shown by subsequent evidence. However, no such showing was made; nor did appellant either renew his objection to the evidence or move to exclude it because its relevancy was never shown. Accordingly, the question as to the competency of the evidence cannot be raised on this appeal. See: Lyons v. Taylor, 231 Ala. 600, 604, 166 So. 15; Alabama Power Co. v. Allen, 218 Ala. 416, 419, 118 So. 662; Maddox v. Dunklin, 163 Ala. 278, 281–282, 50 So. 277; Anno.: "Necessity and sufficiency of renewal of objection to, or offer of, evidence admitted or excluded conditionally," 88 A.L.R.2d 12, 23 (§ II). In Alabama Power Co. v. Allen, supra, approval was

given to the following statement of the applicable principle:

"'The rule is well established that, where the trial court admits evidence over objection, on the promise of counsel that he will later make it competent by the introduction of connecting evidence, or where he temporarily sustains or overrules an objection to the introduction of evidence because of his inability to decide the question of its competency at that time, and no further ruling is requested or made, the question as to the competency of the evidence cannot be raised on appeal.' 48 A.L.R. Note, p. 488."

### No. 12.

■ This assignment is as follows:

"12. The Court erred in denying Appellant's motion to strike Appellee's Plea of Recoupment. (R. 22, 23)."

As already noted, on the first trial there was judgment denying recovery on appellee's plea of recoupment and no cross-appeal was taken by appellee with respect to that judgment. Appellant contends that, accordingly, any question as to appellee's rights under the plea of recoupment became res judicata and could not be raised again on the second trial. Assuming, without deciding, the validity of appellant's contention, the denial of his motion to strike is not reversible error, since the issue on the plea of recoupment was found in his favor. If the trial court's ruling was error, it was of necessity without injury. See: Forest Investment Corporation v. Commercial Credit Corporation, 271 Ala. 8, 11, 122 So.2d 131; Bates v. Rentz, 262 Ala. 681, 683, 81 So.2d 349; Corey v. Penney, 165 Ala. 234, 237, 51 So. 624; Stephens v. Middlebrooks, 160 Ala. 283, 286, 49 So. 321; Rule 45, Revised Rules of Practice in the Supreme Court, 261 Ala. XIX, XXXVII.

The judgment is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.