Albert Pugh sued State Farm Fire Casualty Insurance Company (State Farm) for breach of contract, based upon State Farm's failure to pay benefits when Pugh's house was destroyed by fire. The trial resulted in a jury verdict for State Farm. Pugh appeals on the grounds that inadmissible and prejudicial testimony was improperly allowed into evidence. We disagree and, therefore, affirm the judgment based on the jury's verdict.
Pugh purchased the home in question from Clarence Wells. Wells had maintained a homeowner's insurance policy with State Farm while he owned the home. The policy was written through Worlie Ballard, a local agent for State Farm. After purchasing the home, Pugh requested that Wells's policy be transferred into Pugh's name. Ballard accomplished this by an endorsement to the policy. The homeowner's policy was eventually reissued in Pugh's name.
At one point after Pugh purchased the house, the air conditioner compressor was struck by lightning. Pugh filed a claim on this loss, which State Farm paid.
During the late night hours of November 20, 1975, or the early morning hours of November 21, 1975, Pugh's home caught fire and was totally destroyed. Pugh filed a claim with State Farm for the loss, but never received notice of any decision made by State Farm regarding payment. Pugh filed this lawsuit against the company for breach of contract on April 9, 1976.
State Farm's investigation of the fire revealed evidence that the fire may have been the result of arson, and, additionally, that Pugh may have misrepresented facts in a questionnaire form filled out pursuant to the transfer of the insurance into Pugh's name. Based on this evidence, in May 1976, State Farm sent a letter to Pugh rescinding the contract and returning $166.00 as a refund on the premium paid. State Farm filed an answer in the lawsuit, alleging willful burning by Pugh, misrepresentation, rescission, and conspiracy to defraud.
Prior to the trial, Pugh filed a motion to exclude, interalia, the following evidence: 1) a deposition of James Lacy, including a statement contained therein that Robert Peacock told Lacy that Peacock had been hired by Pugh to burn Pugh's house; 2) reference to a prior fire claim filed by Pugh on a separate piece of property; and 3) reference to a prior fire claim made by Pugh's father on a separate piece of property. The motion was denied in regard to this evidence.
During the trial, State Farm introduced the following evidence: 1) testimony about a fire Pugh suffered in 1974, on which he filed an insurance claim; 2) testimony about a fire at a former business location of Pugh; 3) testimony about fires suffered by certain of Pugh's family members; and 4) deposition testimony of James Lacy. Pugh objects to the admission of this evidence and asks us to reverse the judgment based on the jury verdict below.
Pugh asserts that the trial court erred in allowing State Farm to introduce *Page 631 
evidence about a fire suffered by Pugh in 1974. He correctly states that he should not be found guilty of willful burning based on prior acts. This evidence, however, was introduced on the issue of whether Pugh misrepresented facts to insurance agent Ballard concerning prior fire losses, and not on the issue of whether he willfully burned his house. State Farm alleged misrepresentation as a defense in the lawsuit and this evidence was relevant and admissible on this issue. State Farm was attempting to prove that Pugh failed to disclose prior fire losses and that the insurer was entitled to rescind the insurance contract based upon those misrepresentations.Banker's Life and Casualty Co. v. Long, 345 So.2d 1321 (Ala. 1977).
Pugh also objects to the admission of James Lacy's deposition testimony in the trial below. Much of the testimony was read into evidence by the attorney for State Farm. Pugh argues first that the deposition was not admissible because the trial court made no finding that any of the requirements of Rule 32 (a)(3), A.R.Civ.P., had been satisfied. The rule provides as follows:
 (3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: (A) that the witness is dead; or (B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the state, unless it appears that the absence of the witness was procured by the party offering the depositions; or (C) that the witness is unable to attend or testify because of age, illness, infirmity or imprisonment; or (D) that the witness is a licensed physician or dentist; or (E) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or (F) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.
Rule 32 (a)(3), A.R.Civ.P. In the trial below, the judge stated that State Farm's attorneys had advised the court that Lacy was out of state. Pugh offered no evidence contrary to that. It is up to the trial court to determine the admissibility of a deposition if one of the situations in Rule 32 (a)(3) is present, and if Pugh presented no controverting evidence, then no error was committed in admitting the deposition testimony.Cunningham v. Lowery, 45 Ala. App. 700, 236 So.2d 709 (1970).
Pugh further objects to a statement made by Lacy in his deposition to the effect that Robert Peacock told Lacy that Pugh hired Peacock to burn down Pugh's house. Pugh claims that the statement is hearsay and the trial court erred in admitting the statement. We disagree. Peacock had testified in this case prior to the reading of Lacy's deposition into evidence. Peacock was questioned about his dealings with Pugh. Peacock denied having any connection with the burning of Pugh's house, and denied ever talking with James Lacy. Lacy's testimony was not presented for the truth of the matter asserted, but for the purpose of impeaching Peacock. Therefore, it was admissible.
Another assertion of error which Pugh makes regards evidence of fires suffered by Pugh's family members. Although we acknowledge that evidence of the bad conduct of Pugh's relatives is not necessarily relevant on the issue of willful burning, Pugh's attorney failed to correctly preserve any error involved in admitting the evidence. After the initial objection to the testimony, the trial judge allowed the evidence with the qualification that if State Farm did not "tie it up," then the judge would exclude the testimony upon request from counsel. It does not appear in the record that any such request was made. When evidence is admitted upon the condition that its relevance be shown by subsequent evidence, and no such showing is made, it is incumbent on the objecting party to either renew his objection or move to exclude the evidence because its relevancy was never shown. Cook v. Latimer, *Page 632 279 Ala. 294, 184 So.2d 807 (1966). We cannot say the trial court erred, since Pugh's attorney did not bring the error to the court's attention.
Pugh additionally asserts that it was error for the trial court to admit evidence of an alleged fire at a former business location of Pugh. Pugh was questioned about this fire during cross-examination and denied the occurrence, and State Farm subsequently put on testimony regarding it. This testimony was relevant on the issue of Pugh's alleged misrepresentation on his insurance application regarding prior fires. Thus, there was no error in the admission of this testimony.
Having reviewed the record and the assertions of error made by Pugh, we find that the evidence in issue was properly admitted and considered by the jury. For the above reasons, the judgment based on the jury verdict is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.