# Jefferson v. The State.

*Indictment for Receiving Property Knowing It to have been Stolen.*

1. *Receiving stolen property; testimony of accomplice.*—Where on a trial under an indictment for receiving a cow, knowing her to have been stolen, and not having the intent to restore her to her owner, there was evidence that the defendant sold the cow about a year after she was stolen, and that about three weeks before he sold her, he was notified by several officers that she had been stolen by one M., from whom defendant obtained her, and that he should not dispose of her, the testimony of M. that, a few days before the defendant sold the cow, he told him to sell her as he, M., needed the mony, is not inadmissible, on the ground that it called for uncorroborated testimony of an accomplice; the other testimony of the case tending to corroborate the testimony of M.

2. *Charge of the court to the jury.*—A charge to the jury which calls their attention to facts favorable to the defendant, and ignores other facts of the case having an inculpatory nature, is properly refused.

3. *Argument of counsel.*—Where, in a prosecution for receiving a cow, knowing her to be stolen, and without intent to return her to the true owner, the solicitor in his argument before the jury said, "that half of the cows stolen in the county are sold within half a mile of the public market, and some beneath the windows of police headquarters," and upon the defendant's objection to these remarks the court instructed the jury that such statements of the solicitor must be considered simply as an argument, and not as statements of facts, the defendant is not prejudiced, and the refusal of the court to have the statements withdrawn from the jury is not a reversible error.

APPEAL from the City Court of Montgomery.

Tried before the Hon. WILLIAM S. THORINGTON.

The appellant was indicted, tried and convicted for buying, receiving, concealing or aiding in concealing a cow, the property of M. Shehane, knowing that it was stolen, and not having the intent to restore it to the owner.

It was proved by the State that in the early spring of 1894, one M. Shehane had a cow stolen from him in the county of Montgomery, State of Alabama, and that the place from which the cow was stolen was near said city.

That in the spring of 1895 the cow was sold by defendant to one Jeff Boyd, by him put in a pasture near said city, and thereafter upon the cow being identified, delivered by him to said Shehane. There was evidence tending to show that about three weeks before the defendant sold said cow several deputy sheriffs notified him that said cow had been stolen by one John McGaskill from whom defendant derived possession of the cow, and that the said deputy sheriffs notified defendant not to dispose of said cow. There was no proof that defendant was notified from whom or when said cow was stolen.

The evidence for the defendant tended to show that John McGaskill was the defendant's brother-in-law ; that for more than a year previous to the time defendant acquired possession of the cow John McGaskill had been in possession of said cow, claiming it as his own ; that McGaskill lived a long distance from the house of Shehane in the country, and that in open day-light, McGaskill drove the cow from where he lived to where the defendant lived, and gave said cow to defendant's wife, who was McGaskill's sister ; that the defendant kept said cow several weeks, openly and unconcealed in any way, at his house on a neighborhood road, seven miles from the city of Montgomery ; that after having so kept the cow for some time, the defendant drove her along the road to the city of Montgomery and tried to sell her at the public market, and that after having failed to sell the cow at the market, he sold her to Jeff Boyd in the suburbs of the city.

In rebuttal the State introduced John McGaskill as a witness, and asked him the following question : "Did you tell Henry Jefferson, the defendant, a few days before the cow was sold to sell her?" The defendant objected to this question, on the ground that it called for the uncorroborated testimony of an accomplice. The court overruled the objection, and the defendant duly excepted. The witness answered, that a few days before Jefferson sold the cow, he, the witness, told him to sell her, as he needed the money to get out of the country.

In his argument to the jury, the Solicitor stated : "I hazard nothing in saying that half the cows stolen in the county of Montgomery are sold within a half mile of the public market and some beneath the very windows of the police headquarters." The defendant objected to these

[Jefferson v. The State.]

remarks, and demanded that they be withdrawn from the jury. The Solicitor refused to withdraw the remarks, but the court instructed the jury that such statements of the Solicitor could not be considered by them as statements of fact, or as evidence, but simply as an argument. To this action of the court the defendant duly excepted.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each as asked : (1.) "The jury must look at the fact, if it be a fact, that the defendant kept the cow openly, sold it openly, and made no attempt to evade, hide or conceal the same in passing on the guilt or innocence of the accused, and unless the jury believe from the evidence beyond all reasonable doubt that the defendant received, concealed or aided in concealing the cow named in the indictment, they must acquit the defendant." (3.) "The court charges the jury that there is no evidence in this case showing or tending to show that at the time the defendant came into the possession of the cow named in the indictment he knew that John McGaskill was a thief or a dishonest man."

No counsel marked as appearing for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.— There was sufficient corroborative testimony to justify the admission of the testimony of the witness John McGaskill.—*Marler v. State*, 67 Ala. 55. "A conspiracy to commit a crime may be established as well by circumstantial as by direct evidence."

As to the ruling on the objection to the remarks of the Solicitor, made in his argument, there was no error; and the statement made by the trial judge to the jury impressed upon them the proper distinction between evidence and mere argument and illustration.—*Hobbs v. State*, 74 Ala. 39.

The first charge refused to the defendant attempted to point out in especial prominence the fact that the cow was kept openly, &c , and was properly refused as advancing one phase of the testimony in the shape of an argument.—*Hussey v. State*, 86 Ala. 34; *Kirby v. State*, 89 Ala. 63 ; *Watkins v. State*, 89 Ala. 82; *Pullum v. State*, 88 Ala. 190 ; *Little v. State*, 89 Ala. 99 ; *Brassell v. State*, 91 Ala. 45; *Brantley v. State*, 91 Ala. 47.

[Howard v. The State.]

HEAD, J.—There was evidence corroborative of the testimony of McGaskill tending to connect the defendant with the commission of the offense charged. The objection to McGaskill's testimony was, therefore, properly overruled, and the second charge requested by defendant properly refused.

. The statement of the Solicitor to which exception was taken, if not within the bounds of permissible argument, with the explanation the court gave the jury in reference to it, could have done the defendant no injury.

The first charge requested by the defendant calls the attention of the jury to the facts favorable to him, and ignores others of an inculpatory nature, rendering the instruction objectionable under numerous decisions of this court.

The third charge is in its nature argumentative. Courts are required to instruct the jury only in the principles of law governing a case, and cannot be required to declare to the jury that there is no evidence of a particular fact. We hold there is no error in refusing a charge in that form.

Affirmed.

