(75 South. 264)
ROGERS v. STATE.   (4 Div. 373.)
(Court of Appeals of Alabama.   April 3, 1917.)

1. CRIMINAL LAW �413⟩415(7)—EVIDENCE—DECLARATIONS OF DECEASED—ADMISSIBILITY.
   Declarations of the deceased a few moments before the homicide deposed to by a witness to the effect that he was going home because he did not want to have trouble with the defendant and his brother "were verbal acts indicating a present purpose and intention," and were properly admitted in evidence, whether they were heard by defendant or not.

2. CRIMINAL LAW �413⟩366(3)—EVIDENCE—RES GESTÆ.
   In a murder case it was not permissible under the res gestæ rule for the defendant to show that deceased, after the shooting, went into the house and reloaded his pistol.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 819.]

3. HOMICIDE �413⟩171(1)—EVIDENCE—ADMISSIBILITY.
   The fact that witness told defendant that deceased after the shooting went into the house and reloaded his pistol was not material.
   [Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 351, 353, 358.]

4. HOMICIDE �413⟩175—EVIDENCE—ADMISSIBILITY.
   Where a doctor's testimony tended to show that the immediate cause of death of deceased was peritonitis due to one of the gunshot wounds inflicted on the deceased by defendant, the fact that in another case shortly before the death of the deceased another patient died from this malady produced from another cause was wholly immaterial.
   [Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 375-378.]

5. WITNESSES �413⟩342—CHARACTER FOR TRUTH.
   It was defendant's right not only to show the general bad character of a witness, but to show his bad character for truth and veracity.
   [Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1123.]

6. CRIMINAL LAW �413⟩1170(3)—APPEAL AND ERROR — HARMLESS ERROR — EXCLUSION OF EVIDENCE.
   The action of the court in sustaining the solicitor's objection to the question eliciting testimony as to the character of the witness for truth and veracity was harmless error where

�413⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

immediately following the testimony was given without objection.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3147.]

7. WITNESSES ☜337(2)—CHARACTER—CREDIBILITY OF DEFENDANT.

The defendant having testified as a witness in his own behalf, his credibility was subject to impeachment as any other witness by showing his general bad character.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1113.]

8. WITNESSES ☜337(2) — CHARACTER—LIMITATION OF INQUIRY.

The defendant's rights were not impinged by the refusal of the court to limit the inquiry to his character for truth and veracity.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1113.]

9. WITNESSES ☜236(1) — EXAMINATION — DOUBLE QUESTION.

A question in relation to the character of a witness, " * * * Ask if you would say that a man against whom you had heard these things reported was a man of good character; you know as a matter of fact that this man didn't steal that mule, don't you?" was objectionable as double.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 817, 819, 824, 826.]

10. WITNESSES ☜240(4) — EXAMINATION — LEADING QUESTIONS.

Such question was also objectionable as leading.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 839.]

11. CRIMINAL LAW ☜693—OBJECTION TO EVIDENCE—TIME TO MAKE.

As the objection to the question was general and was not interposed until after the answer was given, the overruling of the objection does not constitute reversible error.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1630.]

12. CRIMINAL LAW ☜1170½(1) — APPEAL AND ERROR—PREJUDICIAL ERROR.

As the record further shows that on recross-examination counsel did not say that as a matter of fact the witness did not steal the mule, clearly showing that he only intended his answer as a response to the first part of the question, no injury is shown.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3129.]

13. WITNESSES ☜355—IMPEACHMENT—CHARACTER—KNOWLEDGE OF IMPEACHING WITNESS.

Where the testimony of a witness shows that the only knowledge he had of the defendant's character was from his personal observations of and dealings with the defendant, it was not error for the court to reject his testimony as to the defendant's character for truth.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1154–1156.]

14. CRIMINAL LAW ☜1163(1)—APPEAL AND ERROR—BURDEN TO SHOW ERROR.

The burden is upon the appellant to affirmatively show error.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3090, 3091, 3099.]

15. CRIMINAL LAW ☜730(1)—ARGUMENT OF COUNSEL—CURE OF ERROR—INSTRUCTIONS.

Error in statement of solicitor, "If verdicts in the past had been proper, this would not have occurred," was cured by instructions, "You are the sole judges of the testimony and of its weight," and "You should try the case and reach your verdict from the testimony of the witnesses regardless of whether juries have done their duty in the past, and regardless of whether this county has been called bloody Crenshaw," and "There is no evidence in this case that the juries of this county in the past have failed to discharge their duty."

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1693.]

16. CRIMINAL LAW ☜753(2) — TRIAL — INSTRUCTIONS.

The affirmative charge was properly refused as invasive of the province of the jury.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1727, 1729.]

17. CRIMINAL LAW ☜763, 764(7)—TRIAL—INSTRUCTIONS.

An instruction, "If you believe the evidence, defendant has proven a good character for truth," was properly refused as invasive of the province of the jury.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1731, 1734.]

18. CRIMINAL LAW ☜763, 764(7)—TRIAL—INSTRUCTIONS.

An instruction, "If you believe the evidence, the state has not proven that the character of defendant for truth is bad," was properly refused, as invasive of the province of the jury.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1731, 1734.]

19. HOMICIDE ☜300(15) — TRIAL — INSTRUCTIONS.

An instruction, "The court charges the jury that if, after looking at all the evidence in the case, your minds are left in such a state of uncertainty that you cannot say beyond a reasonable doubt whether defendant acted upon the well-grounded and reasonable belief that it was necessary to shoot and take the life of [deceased] to save himself from great bodily harm or from death, or that he shot before such impending necessity arose, then there is such a doubt as will entitle defendant to an acquittal, provided he was free from fault in bringing on or provoking the difficulty," was properly refused, as it pretermits the defendant's duty to retreat if by so doing he could remove the necessity to take life.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 630.]

20. HOMICIDE ☜300(14) — TRIAL — INSTRUCTIONS—SELF-DEFENSE.

An instruction, "Although defendant may have had a quarrel or altercation with [deceased] in the house of [another], yet if after he left the house the defendant was not at fault in bringing on the difficulty in the yard, and shot deceased under the honest and bona fide belief that he was in imminent danger, real or apparent, of suffering death or grievous bodily harm at the hands of deceased, and that this danger could not be avoided by retreating or other reasonable mode of escape, you should acquit defendant, and the burden of showing that defendant was at fault in provoking the difficulty is upon the state to prove it to your satisfaction beyond a reasonable doubt," was faulty in not stating that the circumstances surrounding the defendant at the time the fatal shot was fired were such as to impress a reasonable man that he was in impending danger of losing his life or suffering grievous harm.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 629.]

Appeal from Circuit Court, Crenshaw County; A. E. Gamble, Judge.

Aubrey Rogers was indicted for murder in the first degree, convicted of manslaughter in the first degree, and he appeals. Affirmed.

It is alleged in the indictment that defendant killed Will Rogers by shooting him with a gun. The facts sufficiently appear. The following charges were refused to defendant:

(A1) Affirmative charge.

(E) If you believe the evidence, defendant has proven a good character for truth.

(F) If you believe the evidence, the state has not proven that the character of defendant for truth is bad.

(G) The court charges the jury that if, after looking at all the evidence in the case, your minds are left in such a state of uncertainty that you cannot say beyond a reasonable doubt whether defendant acted upon the well-grounded and reasonable belief that it was necessary to shoot and take the life of Will Rogers to save himself from great bodily harm, or from death, or that he shot before such impending necessity arose, then there is such a doubt as will entitle defendant to an acquittal, provided he was free from fault in bringing on or provoking the difficulty.

(M) Although defendant may have had a quarrel or altercation with Will Rogers in the house of J. J. Hamilton, yet if after he left the house the defendant was not at fault in bringing on the difficulty in the yard, and shot deceased under the honest and bona fide belief that he was in imminent danger, real or apparent, of suffering death or grievous bodily harm at the hands of deceased, and that this danger could not be avoided by retreating or other reasonable mode of escape, you should acquit defendant, and the burden of showing that defendant was at fault in provoking the difficulty is upon the state to prove it to your satisfaction beyond a reasonable doubt.

The given charges referred to are as follows:

(A1) You are the sole judges of the testimony and of its weight. You should try the case and reach your verdict from the testimony of the witnesses regardless of whether juries have done their duty in the past, and regardless of whether this county has been called bloody Crenshaw. (B1) There is no evidence in this case that the juries of this county in the past have failed to discharge their duty.

F. B. Bricken, of Luverne, and Powell & Hamilton, of Greenville, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BROWN, P. J. [1] The declarations of the deceased a few moments before the homicide deposed to by the witness Browder to the effect that he was going home because he did not want to have trouble with the defendant and his brother "were verbal acts indicating a present purpose and intention," and were properly admitted in evidence, whether they were heard by the defendant or not. Burton v State, 115 Ala. 10, 22 South. 585.

[2, 3] It was not permissible under the res gestæ rule for the defendant to show that deceased, after the shooting, went into the house and reloaded his pistol; nor was the fact that the witness told the defendant of this conduct on the part of the deceased material. Allsup v. State, 15 Ala. App. 121, 72 South. 599; Hickman v. State, 12 Ala. App. 22, 67 South. 775; Smith v. State, 183 Ala. 10, 62 South. 864; Carroll v. State, 130 Ala. 99, 30 South. 394; Teague v. State, 144 Ala. 42, 40 South. 312.

[4] While the testimony of Dr. Horn tended to show that the immediate cause of the deceased's death was peritonitis, it also tended to show that this condition was caused by one of the gunshot wounds inflicted on the deceased by the defendant; and the fact that in another case shortly before the death of Will Rogers, the deceased, another patient, died from this malady produced from another cause was wholly immaterial.

[5, 6] It was defendant's right not only to show the general bad character of the witness Browder, but to show his bad character for truth and veracity. Byers v. State, 105 Ala. 31, 16 South. 716. The action of the court in sustaining the solicitor's objection to the question eliciting testimony as to the character of the witness for truth and veracity was, however, error without injury; as immediately following this action of the court this testimony was given without objection. Smith v. State, supra.

[7] The defendant having testified as a witness in his own behalf, his credibility was subject to impeachment as any other witness by showing his general bad character. Smith v. State, 197 Ala. 193, 72 South. 316; Brown v. Moon, 196 Ala. 391, 72 South. 29; Johnson v. State, 15 Ala. App. 298, 73 South. 210.

[8] The defendant's rights were not impinged by the refusal of the court to limit the inquiry to his character for truth and veracity. Walling v. State, 15 Ala. App. 275, 73 South. 216.

The right of the defendant to require that the testimony for impeachment of his veracity be limited to the inquiry of his bad character for truth and veracity is limited to cases where the accused has put in issue his good character as exculpatory evidence and after he testifies as a witness the state undertakes to impeach his character for truth and veracity. The reason for this is stated in Mitchell v. State, 14 Ala. App. 46, 70 South. 991, and Smith v. State, 197 Ala. 193, 72 South. 316.

[9-12] The question of the solicitor, "Mr. Powell, ask if you would say that a man against whom you had heard these things reported was a man of good character; you know as a matter of fact that this man didn't steal that mule, don't you?" was double and leading, and the later part of the question was improper; but the objection to the question was general and was not interposed until after the answer was given, and the overruling of the objection does not constitute reversible error. Lewis v. State, 121 Ala. 1, 25 South. 1017; Hudson v. State, 137 Ala. 60, 34 South. 854. The record further shows that on recross-examination he did not say that as a matter of fact the witness Browder did not steal the mule, clearly showing that he only intended his answer as a response to the first part of the question, and no injury is shown.

[13] The testimony of the witness Thompson shows that the only knowledge he had of the defendant's character was from his per-

sonal observations of and dealings with the defendant; and it was not error for the court to reject his testimony as to the defendant's character for truth. Andrews v. State, 159 Ala. 14, 48 South. 858.

[14, 15] The record does not affirmatively show that the solicitor made the statement, "If verdicts in the past had been proper, this would not have occurred," but merely shows that the defendant moved to exclude such a remark and the motion was overruled. The motion, for all the record shows, might have been overruled because no such remark was made. The burden is upon the appellant to affirmatively show error. Smith v. State, 183 Ala. 10, 62 South. 864. If, however, it should be conceded that such a remark was made, it is not the statement of a fact, but a mere conclusion; and the charges given at the instance of the defendant marked A1 and B1 cured the error, if any. Jefferson v. State, 110 Ala. 89, 20 South. 434.

[16-18] Refused charges A1, E, and F were properly refused as invasive of the province of the jury.

[19] Charge G refused to the defendant meets the objection pointed to charge 2 in Langham v. State, 12 Ala. App. 46, 68 South. 504, but pretermits the defendant's duty to retreat if by so doing he could remove the necessity to take life. Brewer v. State, 160 Ala. 66, 49 South. 336. See, also, Harris v. State, 96 Ala. 24, 11 South. 255.

[20] Charge M was faulty in not stating that the circumstances surrounding the defendant at the time the fatal shot was fired were such as to impress a reasonable man that he was in impending danger of losing his life or suffering grievous harm.

Refused charge 6 was substantially covered by the special charges given at the defendant's instance.

We find no error in the record, and the judgment is affirmed.

Affirmed.

BRICKEN, J., not sitting, having been of counsel.