(78 South. 324)

HARDAMAN v. STATE.   (6 Div. 472.)

(Court of Appeals of Alabama.   Feb. 12, 1918.
On Rehearing, Feb. 26, 1918.)

1. CRIMINAL LAW ☞543(1) — EVIDENCE —
FORMER TESTIMONY.

If a witness, who has been examined in a
criminal case before a tribunal of competent
jurisdiction, is not subsequently, after diligent
search, found within the jurisdiction of the
court, it is admissible to prove the testimony
he formerly gave.

2. CRIMINAL LAW ☞543(2)—EVIDENCE—FOR-
MER TESTIMONY—SHOWING PREDICATE.

The predicate for admitting former testi-
mony of an absent witness in a criminal case
must be shown by competent evidence; but if,
in hearing this question, there was incompetent
evidence introduced, the action of the court in
admitting such evidence does not authorize re-
versal.

3. CRIMINAL LAW ☞543(2) — EVIDENCE —
FORMER TESTIMONY—PREDICATE.

In a prosecution for murder, where it was
shown that a former witness had lived in the
county and community, that he was present at
the former trial, and that the deputy sheriff
sought him diligently for the present trial, testi-
mony that he declared to numerous persons his
intention to join the United States army, to
be sent to Georgia, was competent and admis-
sible as a predicate for the admission of his
former testimony.

4. CRIMINAL LAW ☞1144(12) — APPEAL —
PRESUMPTIONS FAVORING COURT BELOW—
FORMER TESTIMONY.

Every reasonable presumption is indulged
in favor of the finding of the trial court on the
question of the admissibility of evidence as a
predicate for the admission of testimony of an
absent witness on former trial.

5. HOMICIDE ☞166(1)—EVIDENCE—MOTIVE.

In a prosecution for murder, evidence that,
at the time of the killing, deceased had secreted
under defendant's house, with the latter's
knowledge and consent, several barrels of whis-
ky, was admissible as tending to show motive,
defendant's desire to retain the whisky, since
any testimony which can furnish aid in deter-
mining the issue, or shed light on the transac-
tion, is competent, and, where a crime is shown
to have been committed, and the circumstances
point to accused, proof of motive, though weak
and inconclusive, is admissible.

6. HOMICIDE ☞169(2)—EVIDENCE.

In a prosecution for murder, it having
been shown deceased was shot with a bullet, evi-
dence that defendant was carrying a rifle when
he went down the road, shortly before the shoot-
ing, was relevant.

7. WITNESSES ☞351—CHARACTER EVIDENCE
—PREDICATE.

It was error for the solicitor to ask a wit-
ness as to the character of defendant, charged
with murder, without having laid a proper
predicate.

8. CRIMINAL LAW ☞1170½(2) — APPEAL —
HARMLESS ERROR—CHARACTER EVIDENCE.

Error by the solicitor in asking a witness
as to the character of defendant, charged with
murder, without having laid a proper predicate,
was harmless, where the witness stated he could
not say defendant's character was bad.

9. CRIMINAL LAW ☞683(1) — EVIDENCE —
REBUTTAL.

In a prosecution for murder, where the pur-
pose of the state, in showing that deceased had
secreted whisky about defendant's premises,
was to show a motive for the killing, that de-
fendant might keep the whisky, the court prop-
erly refused to permit defendant to go into an

explanation and details as to how the whisky
came into his possession; the issue not being
material.

10. HOMICIDE ☞185—EVIDENCE.

In a prosecution for murder, the theory of
the defense being that deceased was attempting
to rape defendant's daughter when shot, it was
competent for the state to rebut such theory
by proving the relationship of criminal inti-
macy existing between deceased and defendant's
daughter, had with the knowledge and ac-
quiescence of defendant, as tending to impeach
the testimony of himself and his daughter.

11. HOMICIDE ☞166(1)—EVIDENCE—MOTIVE.

In such prosecution, testimony of a wit-
ness as to whether defendant did not tell him,
a short time before deceased was killed, and at
defendant's home, that, if he would go in with
him and kill another and deceased, they would
get their whisky, was admissible as relating to
motive.

On Rehearing.

12. HOMICIDE ☞338(1) — APPEAL — PREJU-
DICIAL ERROR—EVIDENCE.

In a prosecution for murder, the trial court
committed prejudicial error in permitting the
state to prove, over defendant's objection, that
he carried a rifle after the offense was com-
mitted; such evidence tending to prejudice the
jury against him.

Appeal from Circuit Court, Jefferson Coun-
ty; J. C. B. Gwin, Judge.

Bob Hardaman was convicted of man-
slaughter in the first degree, and appeals.
Reversed, and cause remanded.

Pinkney Scott, of Bessemer, for appellant.
F. Loyd Tate, Atty. Gen., and David W. W.
Fuller, Asst. Atty. Gen., for the State.

SAMFORD, J. [1-4] On the trial, the
state, over the objection and exception of
the defendant, admitted secondary evidence
of the testimony of a state's witness, who
had been examined as a witness on a former
trial of the same case, but who was not
present on the present trial. It has been
frequently held by the courts of this state
that if a witness, who has been examined in
a criminal case before a tribunal of compe-
tent jurisdiction, is not subsequently, after
diligent search, found within the jurisdiction
of the court, it is admissible to prove the
testimony he formerly gave. Percy v. State,
125 Ala. 53, 27 South. 844. The predicate
for this must be shown to the court by com-
petent evidence, and if in hearing this ques-
tion there was incompetent evidence intro-
duced along with other evidence which was
sufficient of itself to establish the predicate,
the action of the court in admitting such in-
competent evidence would not authorize a
reversal. Jacobi v. State, 133 Ala. 16, 17, 32
South. 158. It was shown that the absent
witness had lived in the county and commu-
nity. It was not shown that he had ever
lived at any other place in the state, or had
any business to call him elsewhere in the
state; he was present at the former trial;
he declared to numerous persons his inten-
tion to join the United States army, to be

sent to Georgia; he disappeared from the community, and his former friends and associates saw him no more; the deputy sheriff says he sought him diligently on two occasions, when he had papers to serve on him, and he could not be found; the subpœna docket showed two subpœnas returned not found. The statements of his intentions were competent and admissible. Jacobi v. State, supra. Every reasonable presumption is indulged in favor of the finding of the trial court on a question of this kind. Harwell v. State, 12 Ala. App. 265, 68 South. 500. Under all the facts, we cannot say that the trial court erred in admitting the testimony. Harwell v. State, 12 Ala. App. 265, 68 South. 500; Pope v. State, 183 Ala. 61, 63 South. 71; Jacobi v. State, 133 Ala. 1, 32 South. 158.

[5] The theory of the state was that the motive for the killing was that the defendant might retain a large quantity of whisky which had been secreted on defendant's place by the deceased, and for that purpose, and as tending to show motive, the state was permitted to prove, over the objection of the defendant, that at the time of the killing the deceased had secreted under defendant's house, with the knowledge and consent of defendant, several barrels of whisky. Any testimony which can furnish aid to the jury in determining the issue, or which sheds light on the transaction, is competent. Redd v. State, 68 Ala. 492. And where a crime is shown to have been committed, and the circumstances point to the accused as the guilty agent, proof of a motive, although weak and inconclusive, is nevertheless admissible. Overstreet v. State, 46 Ala. 30.

[6] It having been shown that the deceased was shot with a bullet, it was relevant evidence that the defendant was carrying a rifle at the time he went down the road, shortly before the shooting, and the fact that he carried the rifle at other times, while immaterial, was without injury.

[7-9] While it was error for the solicitor to ask the witness Hickman as to the character of defendant, without having laid a proper predicate, the defendant was not injured by the error; the witness, in answering, saying that he could not say it was bad. The court did not err in refusing to permit the defendant to go into an explanation and details as to how the secreted whisky came into his possession. That was not a material issue. The purpose of the state in showing the fact of the secreted whisky was to show the jury a motive for the killing; i. e., that the defendant might keep the whisky. The fact that it was there, secreted in such a way as that the removal of the deceased would have left defendant in the undisturbed possession of it, was a relevant fact. How or why it was there was not relevant for any purpose. The fact that it was whisky did not affect the principle. If it had been flour or meat, it would have been the same thing.

[10] The theory of the defense was that the deceased was attempting to have sexual intercourse with a daughter of defendant against her will, and that while so engaged defendant fired the shot; while the testimony for the state was to the effect that the deceased had had the intercourse with the consent of the girl, and that it had been finished at the time of the killing. It was therefore competent to rebut this by proving the relationship existing between the deceased and the said daughter, had with a knowledge and acquiescence of the defendant, as tending to impeach the testimony of the defendant and his daughter. If the relationship existed between the daughter and deceased with the knowledge and acquiescence of defendant, as testified to by the state's witnesses, and for the length of time testified to, sleeping with her, taking her to the woods, and having intercourse with her, drinking with her, and otherwise being on terms of the most familiar and criminal intimacy, the jury might well conclude that the testimony of the state's witnesses as to the willingness of the intercourse at or near the time of the killing was correct, and that the statements of the daughter and the defendant, as to what took place were untrue. Again, if these relations did exist, and had existed for some time, and had continued with the knowledge of the defendant, the jury would be warranted in looking somewhere else for a motive, rather than to say the killing was done for the purpose of protecting the virtue of a daughter. The case of Rogers v. State, 117 Ala. 9, 22 South. 666, is not at all in point, and in no way conflicts with the foregoing views.

[11] The question asked the witness Clements, "if defendant did not tell him, a short time before Dixon was killed, and at defendant's home, that if he would go in with him and kill John Frazier and Dixon they would get their whisky," was without error, as the testimony called for was admissible as relating to the motive of the defendant.

We find no error in the record, and the judgment is affirmed.

Affirmed.

## On Rehearing.

[12] Upon consideration of the application for rehearing, my Brothers are of the opinion that the trial court committed prejudicial error in permitting the state to prove, over the objection of the defendant, that the defendant carried a rifle after the offense was committed, such evidence tending to prejudice the minds of the jury against him, and that for this error the judgment of the court should be reversed.

The application for rehearing is granted, the affirmance set aside, the judgment is reversed, and the cause is remanded.