(81 South. 449)

HARDAMAN v. STATE. (6 Div. 528.)

.(Court of Appeals of Alabama. Feb. 4, 1919.
On Rehearing, March 18, 1919. Further
Rehearing Denied April 15, 1919.)

1. CRIMINAL LAW ⊕⇒400(3)—PROOF OF SERV-
ICE—BEST EVIDENCE—SUBPŒNA DOCKET.

Original subpœna docket kept by clerk of
the court or by the sheriff in the discharge of
official duties was competent evidence to show
the issuance and return of subpœnas without
accounting for the original subpœna.

2. CRIMINAL LAW ⊕⇒368(3)—RES GESTÆ—
DECLARATION OF WITNESS.

Declarations of a witness as he was leaving
the community to the effect that he was going
to enlist in the army was of the res gestæ of
his leaving.

3. CRIMINAL LAW ⊕⇒543(2)—TESTIMONY GIV-
EN AT FORMER TRIAL—PREDICATE.

The sufficiency of the predicate to authorize
the introduction or proof of testimony of an
absent witness given on a former trial is pri-
marily for the trial court.

4. CRIMINAL LAW ⊕⇒543(2)—TESTIMONY GIV-
EN AT FORMER TRIAL—ABSENT WITNESS—
PREDICATE.

Testimony of a witness that the last time he
saw witness in former trial the latter had on
a uniform of the army, and that the former had
read a letter written by the latter, and mailed in
France, was a sufficient predicate for introduc-
tion of testimony of the latter given at the for-
mer trial.

5. CRIMINAL LAW ⊕⇒407(1)—SILENCE IN
FACE OF ACCUSATION—EVIDENCE ADMISSI-
BLE.

It was permissible for the prosecution to
prove statement of defendant's daughter, made
to defendant in response to defendant's declara-
tion that he had killed deceased, to the effect
that defendant had killed deceased for nothing
as a predicate for showing defendant's silence in
the face of that accusation.

6. CRIMINAL LAW ⊕⇒696(3)—MOTION TO EX-
CLUDE—STATEMENT OF GROUNDS.

That prosecution failed to prove that de-
fendant made no reply to accusation did not
render testimony with reference thereto subject
to objection in motion to exclude that it was
illegal, irrelevant, immaterial, hearsay testi-
mony, or a declaration made without authority,
as the court could not assume that missing link
would not be supplied, and motion should have
been upon ground that state had not shown de-
fendant was silent.

7. WITNESSES ⊕⇒388(2)—IMPEACHMENT OF
ABSENT WITNESS—NECESSITY OF PREDICATE.

Where in the showing made for the absent
witness no predicate was laid to impeach her
testimony by contradictory statements, her dec-
laration to the effect that defendant had killed
deceased for nothing was inadmissible as im-
peaching testimony.

8. HOMICIDE ⊕⇒192—SELF-DEFENSE—AG-
GRESSION—EVIDENCE ADMISSIBLE.

In the light of the evidence tending to show
that deceased was in the act of assaulting de-
fendant's daughter, and when discovered made
hostile demonstrations against defendant with
a deadly weapon, evidence of the relation of
deceased and his associate with defendant's
daughters was admissible, as tending to shed
light on the controverted question as to who
was the aggressor.

9. HOMICIDE ⊕⇒166(6)—MOTIVE—EVIDENCE
ADMISSIBLE.

In the light of the evidence tending to show
that deceased was in the act of assaulting de-
fendant's daughter, and when discovered in the
act made hostile demonstrations against defend-
ant with a deadly weapon, the evidence of the
relation of deceased and his associate with de-
fendant's daughters was admissible on the ques-
tion of motive.

10. HOMICIDE ⊕⇒193—SELF-DEFENSE—EVI-
DENCE ADMISSIBLE—POSSESSION OF PISTOL.

Reversible error was committed in denying
defendant the right to show that deceased, on
the afternoon before the killing and as he was
in the act of starting to defendant's, stated that
he was going there to see a girl, exhibited his
pistol, and said that he was going to take that
along to protect himself.

11. HOMICIDE ⊕⇒172—DISPOSITION OF AC-
CUSED—EVIDENCE ADMISSIBLE.

In prosecution for murder, testimony that
defendant's wife came to get a warrant against
"defendant for pulling a pistol, or gun or rifle
or something on her" was irrelevant.

12. CRIMINAL LAW ⊕⇒722½—REMARKS OF
SOLICITOR NOT WARRANTED BY THE EVI-
DENCE.

Remark of solicitor in closing argument as
to turning loose a man like defendant, "who
took his gun and forced his wife to pour out
whisky he had brought there, and converted his
house into a blind tiger, * * * and then his
poor old wife had to resort to the officers of
the law to keep him from killing her," held
not justified by any evidence.

13. CRIMINAL LAW ⊕⇒1186(1)—INSUFFICIEN-
CY OF JUDGMENT AND SENTENCE—REVERSAL.

The fact that both the judgment of convic-
tion and sentence shown by the minute entry of
the trial court, incorporated in the record on
appeal, are insufficient to warrant defendant's
incarceration would require reversal.

On Rehearing.

14. CRIMINAL LAW ⊕⇒1133—MATTERS NOT
PRESENTED ON APPEAL—CONSIDERATION ON
REHEARING.

Where case was submitted on the motion of
Attorney General without any suggestion that
judgment would not support an appeal, his con-
tention on rehearing that judgment of reversal
should be set aside and an order entered dismiss-
ing the appeal will be overruled.

15. Criminal Law ⊕⇒995(2)—Judgment Entry—Sufficiency.

Judgment entry, though erroneous in that it lacked recitals evincing a solemn adjudication on the verdict of the jury and a pronouncement of the sentence of the law as to punishment for the offense, *held* sufficient to support appeal; it clearly appearing that entry was intended to record such adjudication.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Bob Hardaman was convicted of manslaughter in the first degree, and he appeals. Reversed and remanded.

Pinkney Scott, of Bessemer, for appellant. F. Loyd Tate, Atty. Gen., and David W. W. Fuller, Asst. Atty. Gen., for the State.

BROWN, P. J. This is the third appeal in this case. Hardaman v. State, 14 Ala. App. 27, 70 South. 961; s. c., 78 South. 324.[1] Some of the questions now presented were treated on the last appeal, and we shall not treat them again.

[1] The original subpœna docket kept by the clerk of the court in the discharge of his official duties, or by the sheriff in the discharge of his official duties, was competent evidence, and admissible to show the issuance and return of subpœnas without accounting for the original subpœna. Stevenson v. Moody, 85 Ala. 33, 4 South. 595; Steed v. Knowles, 97 Ala. 573, 12 South. 75; Code 1907, § 3983.

[2] It was competent to prove the declarations of the witness Echols as he was leaving the community, to the effect that he was going to enlist in the army. Such a declaration was of the res gestæ of his leaving, and tended to explain and give character thereto. Harris v. State, 96 Ala. 24, 11 South. 255; Kilgore v. Stanley, 90 Ala. 523, 8 South. 130; Maddox v. State, 159 Ala. 53, 48 South. 689; Central of Ga. R. R. Co. v. Bell, 187 Ala. 541, 65 South. 835.

[3, 4] The sufficiency of the predicate to authorize the introduction or proof of the testimony of the witness Echols on the former trial was primarily for the trial court, and if there was any doubt as to its sufficiency at the time the testimony was given, this doubt is entirely removed by the testimony of the witness Herring, showing that the last time he saw him he was dressed in the uniform of the army, and that he had since read a letter from him to his sister, mailed in France. Under the authorities in this state, the predicate authorized the introduction of the testimony of the witness Echols on the former trial. Hardaman v. State, 16 Ala. App. 408, 78 South. 324, and authorities there cited.

[5, 6] It was permissible for the prosecution to prove the statement of the defendant's daughter Zuma, made to the defendant in response to the defendant's declaration that he had killed Dickson, to the effect that defendant had killed Dickson for nothing, as a predicate for showing the defendant's silence in the face of this accusation (Rowlan v. State, 14 Ala. App. 17, 70 South. 953) and the fact that the prosecution failed to prove that defendant made no reply to this accusation did not render this testimony subject to the objection that it was "illegal, irrelevant, immaterial, and hearsay testimony," or "a declaration of a person without authority to make it," the ground assigned in the motion to exclude. The predicate being a proper one, the court could not assume that the missing link would not be supplied by some other witness to be examined. If the motion to exclude had been rested upon the specific ground that the state had not shown that the defendant was silent, in the absence of a statement from the solicitor that he would offer further proof showing silence, the court no doubt would have granted the motion. Cain v. State, 16 Ala. App. 303, 77 South. 453; Johnson v. State, 16 Ala. App. 4, 74 South. 972.

[7] In the showing made for the absent witness, Zuma Hardaman, no predicate was laid to impeach her testimony by contradictory statements, and in the absence of such predicate, the declaration of this witness to the defendant, to the effect that defendant had killed Dickson for nothing, was not admissible as impeaching testimony. Gafford v. State, 125 Ala. 1, 28 South. 406.

[8, 9] In the light of the evidence tending to show that deceased was in the act of assaulting the defendant's daughter, and when discovered in the act made hostile demonstrations against the defendant with a deadly weapon, the evidence of the relation of the deceased and his associates with the defendant's daughters was admissible as tending to shed light on the controverted question as to who was the aggressor in the fatal rencontra (Gafford v. State, 122 Ala. 54, 25 South. 10), and was admissible on the question of motive (Hardaman v. State, supra).

[10] The court committed reversible error in denying to the defendant the right to show by the witness Dr. Williams that deceased, on the afternoon before the killing that night, and as he was in the act of starting to Hardaman's said that he was going there for the purpose of seeing this girl, and in connection with his declarations exhibiting his pistol and saying that, he was going to take that along for the purpose of protecting himself. These were "verbal acts indicating a present purpose and intention," and tended to illustrate and give character to the deceased's conduct on the night he was killed. Burton v. State, 115 Ala. 1, 22 South. 585; Rogers v. State, 16 Ala. App. 58, 75 South. 264.

[11, 12] The solicitor sought to show by the witness Hickman, on cross-examination

---

and over the objection of the defendant, that Mrs. Hardaman, the wife of the defendant, "Come to John's to get a warrant against the defendant for pulling a pistol or gun or rifle or something on her, and making her throw out that stuff out of the crib," but the witness denied having any knowledge of any such fact, and, notwithstanding this, in the closing argument to the jury, the solicitor made this statement:

"Talk about a man like Bob Hardaman, who took his gun and forced his wife to pour out whisky he had brought there, and converted his house into a blind tiger, and warehouse, and then his poor old wife had to resort to the officers of the law to keep him from killing her; say then you would turn a man loose like that?"

The testimony sought to be brought out by the solicitor's question to the witness Hickman was wholly irrelevant to any issue in the case, and the statement of the solicitor was not justified by any evidence in the case, or by any remark or argument set out in this record as being made by the defendant's counsel in his behalf. The statement of the solicitor was the statement of a fact outside of the evidence and the court committed reversible error in overruling defendant's objection thereto, and in refusing to exclude it on the defendant's motion. Cross v. State, 68 Ala. 476; B. R. L. & P. Co. v. Drennen, 175 Ala. 349, 57 South. 876. Ann. Cas. 1914C, 1037; Wilhite v. Fricke, 169 Ala. 76, 53 South. 157; Jones v. State, 170 Ala. 76, 54 South. 500; City of Tuscaloosa v. Hill, 14 Ala. App. 541, 69 South. 486.

[13] Both the judgment of conviction and sentence shown by the minute entry of the trial court, incorporated in the record here, are insufficient to warrant the defendant's incarceration; and, if there was no other error in the record, the judgment would have to be reversed for this reason. Roberson v. State, 123 Ala. 55, 26 South. 645.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

## On Rehearing.

[14] In the application made by the Attorney General, we are urged to set aside the judgment of reversal and to enter an order dismissing the appeal on the ground that the judgment entry incorporated in the record is not sufficient to support an appeal. There are two reasons why this should not be done in this case.

The case was submitted on briefs on the motion of the Attorney General, without any suggestion that the judgment would not support an appeal, and the parties, having thus invoked the court's jurisdiction, are in no position now to question it. Tygh v. Dolan, 95 Ala. 271, 10 South. 837. This view was thus expressed by the writer in Trent v. State, 15 Ala. App. 490, 73 South. 837:

"In the application for rehearing the insistence is made that the question [considered by the court in that case] was not raised by the demurrers. This is clearly inconsistent with the position taken in brief and argument on submission, and the court will decline to re-examine the question on this theory"—citing as sustaining this view Tygh v. Dolan, supra; L. & N. R. R. Co. v. Holland, 173 Ala. 675, 55 South. 1001; Travis v. Sloss-Sheffield Steel & Iron Co., 162 Ala. 605, 50 South. 108; and the principle has been reaffirmed in Vaughn v. State, ante, p. 35, 81 South. 417.

Such a course would encourage parties to trifle with the power of the court and speculate on the result with a view, if they lost, of having the case reopened on some question of jurisdiction. To reopen this case and dismiss the appeal on the ground that the judgment is void would necessitate either the discharge of the defendant on habeas corpus, or an amendment of the judgment nunc pro tunc, resulting on the one hand in embarrassing the state in the enforcement of the criminal law, and, on the other, of denying to the defendant the right to have the judgment and proceedings of the trial court reviewed on the merits; the time for the appeal from such judgment having expired. The opinion now prevails that the views expressed by the writer in Trent v. State, supra, are sound, and that case, on this point, is overruled.

[15] The judgment entry is in the following words:

### "Minutes on Trial.

"On this, the 24th day of June, 1918, came Ben G. Perry, solicitor, who prosecutes for the state of Alabama, and came also the defendant in his own proper person and by his attorney, and this cause being reached upon the docket and called for trial, the court orders instanter attachment issue for Cleve Clements.

"On this, the 25th day of June, the defendant, being duly arraigned in open court, for his plea thereto, says he is not guilty, and pleads self-defense and justification.

"Whereupon came a jury of good and lawful men, to wit, A. Davidson and 11 others, who, being duly sworn and impaneled according to law, upon their oaths do say: 'We, the jury, find the defendant guilty of manslaughter in the first degree as charged, and fix the punishment at three years in the state penitentiary."

While this judgment entry is lacking in recitals evincing a solemn adjudication of the court on the verdict of the jury, and a pronouncement of the sentence of the law as a punishment for the offense, and is therefore erroneous (Gray v. State, 55 Ala. 86; Wright v. State, 103 Ala. 95, 15 South. 506), still it clearly appears that this entry was intended to record such adjudication, and is sufficient to support an appeal. Ex parte Roberson, 123 Ala. 103, 26 South. 645, 82 Am. St. Rep. 107; Gray v. State, supra.

The state's witness Clements, offered in rebuttal, on his redirect examination testified:

"Bob Hardaman knew that I was selling whisky when I was at his house. Hardaman did not tell me that he got mad and threw the whisky out of the crib, but his wife told me, and she swore out a warrant for him the next day for assaulting her."

And the witness Herring, offered in rebuttal, testified:

"I went to Bob's house the first time, not expecting to see any whisky, but went there to arrest Bob for drawing a gun or assault and battery on his wife about this whisky, and at that time I found some case whisky sitting outside of the crib."

In view of this testimony, we are urged to strike from the opinion the holding that the argument of the solicitor, to which objection was made, was not justified by the evidence. There is nothing in these statements to show that "Bob Hardaman took his gun and forced his wife to pour out whisky he had brought there," nor does this evidence justify the statement that "his poor old wife had to resort to the officers of the law to keep him from killing her." We adhere to the holding that the court should have excluded the argument objected to, and that the failure to do so was reversible error.

Application overruled.