176 So. 811

## ROBINSON v. STATE.

### 6 Div. 113.

Court of Appeals of Alabama.
June 29, 1937.

Rehearing Denied Oct. 5, 1937.

Bealle & Mize, of Tuscaloosa, for appellant.

A. A. Carmichael, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

578

RICE, Judge.

Appellant, a man shown to have borne an excellent reputation, both generally, and for peace and quietude, appears to have shot (with a pistol), and killed, one Edward Melton.

He was indicted for the offense of murder in the first degree; tried, and convicted of the offense of murder in the second degree—his punishment being fixed at imprisonment in the penitentiary for the term of ten years.

His pleas were "not guilty," and "not guilty by reason of insanity."

The killing was shown to have occurred at the plant of the Tuscaloosa Ice & Cold Storage Company, where one T. A. Wheat was chief engineer. Mr. Wheat testified as a witness for appellant; and, from his testimony, it appears that appellant came to the said plant some five minutes before the time of the arrival of the deceased—who was to relieve Mr. Wheat at 7 p. m. as "engineer"—deceased being known as the "night engineer."

The shooting, and killing, of deceased occurred within a short time—probably not over twenty or twenty-five minutes from the time appellant came to the said plant, where he had remained from the time of his arrival to the time of the shooting—he asking the permission of the chief engineer to remain there.

■ Appellant sought to prove by the witness T. A. Wheat that, after the arrival at the plant of the deceased, and after he had been apprised by the witness of the presence (at the plant) of appellant, he, deceased, remarked, "Who was scared of the old gray-headed son of a bitch?" This testimony, over the objection and exception of appellant, was disallowed. We think the trial court erred.

While the testimony supporting appellant's plea of "not guilty"—which was really a plea of not guilty by reason of

his having acted in self-defense—was not entitled to much weight, it was, we are persuaded, entitled to such as the jury might choose to give it. The trial court recognized as much, as appears from his oral charge to the jury.

It cannot be said, as contended, here, by the Attorney General, that there "is no plea of self-defense"—which we understand to be his way of saying that there "is no evidence of self-defense."

The above being true, it appears to us that testimony of the statement, referred to, by deceased was admissible—perhaps as a part of the res gestae of the killing. But, if not so, we are persuaded, and hold, that the said statement was in the nature of a threat; or, at least, that it was "a verbal act indicating a present purpose and intention," and hence admissible. Rogers v. State 16 Ala.App. 58, 75 So. 264.

■ Appellant's own testimony, fortified by that of several other witnesses, was to the effect that deceased, on the very day of the killing, had been "riding around" with appellant's wife in his (deceased's) car. Other witnesses made it clear that this "riding around" had been going on for months—perhaps a year or so, or more. Other testimony made it clear that the jury may have properly concluded, as appellant appears to have done, that this "riding around" was not for the purpose of demonstrating that "he (deceased) was a gentleman and she (appellant's wife) was a lady," as some of the witnesses expressed it.

However it all was, the fact that appellant, as he testified, saw deceased and his (appellant's) wife "riding around" on the day of the killing afforded one of the chief bases of appellant's plea of "not guilty by reason of insanity." The fact (if it were a fact) appears to us vital to his said defense.

The state, in rebuttal, introduced as a witness Mrs. Melton, the wife of deceased. Her testimony as to the whereabouts of deceased on the day of the killing (prior thereto) was in violent conflict with that of appellant and his witnesses. If her said testimony were true, appellant and his witnesses could not have seen, as they said they did, deceased and appellant's wife "riding around" on the day of the killing.

In this situation the state was allowed to ask Mrs. Melton—we presume for the purpose of bolstering up her testimony—"Who is your father?" And to have her, over appellant's timely objection—with exception duly reserved—to answer the said question.

The testimony thus elicited was entirely incompetent, irrelevant, and immaterial. We can think of no rule permitting one's own witness' testimony to be "shored up" by information as to who that witness' father might be. Such testimony, for aught we can see or say, may have been highly prejudicial.

The case, in the main, was tried with the learning and skill usual with the court from which the appeal comes.

But for the errors pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.